GORMAN et al. v. GORMAN. (No. 7843.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 7, 1914. Rehearing Denied March 14, 1914.)

1. MARRIAGE (§ 50*)—VALIDITY—EVIDENCE.

Where a woman, believing a man to be divorced, in good faith celebrated a marriage with him, slight evidence will be sufficient to uphold the validity of the marriage after removal of the impediment.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 79–89; Dec. Dig. § 50.*]

2. MARRIAGE (§ 50*)—VALIDITY—REMOVAL OF IMPEDIMENT.

Where a woman, mistakenly believing a man to be divorced, entered into a marriage without knowledge of the impediment, the continued cohabitation of the parties after removal of the impediment is sufficient to establish a good marriage.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 79–89; Dec. Dig. § 50.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Petition by Josie Gorman against Jack Gorman, as administrator, and others, for a widow's allowance. From a judgment of the district court affirming an allowance by the probate court, the administrator appeals. Affirmed.

Leake & Henry, of Dallas, for appellant. P. G. Dedmon and Chas. E. Witt, both of Ft. Worth, for appellee.

SPEER, J. Josie Gorman, as the surviving widow of David Gorman, deceased, obtained in the probate court of Tarrant county an order for a widow's allowance in lieu of homestead and other exempt property to the amount of $1,000, being the total amount of the estate of the deceased, and from that order Jack Gorman, the administrator, has appealed.

Briefly stated, the findings of fact, which we adopt in full, show that the deceased, David Gorman, and appellee, Josie, were regularly married November 7, 1905. Appellee was at the time an unmarried woman, but the deceased was at the time a married man, with a suit pending against his wife for a divorce. Appellee married the deceased in perfect good faith, in ignorance of the fact that he was undivorced. She knew of his former marriage and of the pendency of the divorce suit, but had been told and believed a decree of divorce had been entered. A few months after the marriage the decree was entered, and the parties continued to live together as husband and wife and to treat each other as such in all the ways usual to married persons. The deceased departed this life in May, 1908, and appellee never knew of the impediment to her marriage with deceased until long after his death, but at all times believed her marriage to be regular.

[1, 2] It is the contention of appellant that, since by force of the law the relation of appellee and the deceased was illicit, they were

not husband and wife, and that the relation, being unlawful in its inception, never became lawful, since there was no evidence of a change in that relation. It is true there is no finding, or evidence, as to that, of a conscious change of the relations, so far as the appellee is concerned, but in the nature of the case there could have been none. She acted in good faith from the first, believing at all times that her marriage to the deceased was lawful, and having no notice whatever at any time of the impediment which rendered it unlawful at its inception. Under such circumstances, we think slight evidence would be sufficient to uphold the validity of the marriage after the removal of the impediment. Under the Spanish law, which law our marital laws very much resemble, a putative marriage became a lawful marriage upon the removal of the impediment. Smith v. Smith, 1 Tex. 621, 46 Am. Dec. 121. Under our statutes, there is no reason to hold that a putative marriage may not become lawful upon the removal of the impediment, but there is every reason to hold, even upon slight evidence, that it may do so. Edelstein v. Brown, 95 S. W. 1126. In the very nature of the marriage relation, the continued living together of appellee and the deceased as husband and wife after the removal of the impediment which rendered the original marriage invalid was necessarily a constant offer and acceptance of the mutual relation of husband and wife between the parties, and their cohabitation under such circumstances constituted the lawful relation of husband and wife. There is no reason in law or fact why it should not do so, and every consideration demands that it should.

There is no error in the record, and the judgment of the district court, holding the marriage of appellee and the deceased to be good as a common-law marriage after the decree of divorce in favor of the deceased, is affirmed.

Affirmed.