## CONSOLIDATED UNDERWRITERS v. TAYLOR.

### No. 4388.

Court of Civil Appeals of Texas. Beaumont.

Oct. 3, 1946.

Rehearing Denied Oct. 30, 1946.

Kemper & Cramer, of Houston, for appellant.

W. C. McClain and Effie Harper, both of Conroe, for appellee.

MURRAY, Justice.

This is a workman's compensation case in which Mary Taylor, appellee, was awarded compensation by the judgment of the trial court as the surviving wife of Melvin Taylor, deceased. By admissions of the parties, all the issues were taken out of the case except whether Mary Taylor was the wife of the deceased at the time of his death.

Mary Taylor and Melvin Taylor were negroes, and the testimony reveals that a series of conjugal acts on the part of both of them, some marital and some extra-marital, served to make it necessary for the courts to determine their matrimonial status at the time Melvin Taylor met his death. Melvin married Lottie Abner in 1920. He also married Mary, the appellee, in April, 1941, although his former marriage was still in existence. He secured a divorce from Lottie in September 1941. However, Mary, the appellee, had married Mose Nobles prior to 1919, and in July, 1919, this marriage was dissolved by divorce. Mary and Mose did not occupy the same residence after such divorce, but they apparently remained on friendly terms, because thereafter four children were born to them, one each in 1920, 1925, 1930 and 1931. Mary did not regard this relationship with Mose as a marriage, and considered herself a single woman at the time of her marriage with Melvin. She also considered Melvin a single man, as she relied on his statement to her that he had been divorced from Lottie at the time of her marriage to Melvin. After Mary's bigamous marriage to Melvin, and after his divorce from Lottie, in September, 1941, Mary filed suit for divorce against Melvin, which case was never tried and was finally dismissed for want of prosecution. They made up their quarrel and returned to their former relationship of husband and wife. After this matter was adjusted, Melvin went to work at a town a short distance away, and being a man whose philosophy forbade him to live alone, he there began living with another woman, Anna Taylor. Anna was the wife of Aaron Taylor, who was the stepfather of appellee, Mary. From the testimony, Melvin visited Mary each week-end and contributed to her support. He also contributed to the support of Anna, and was living at her house when he was killed.

The jury by its verdict found that the ceremonial marriage of Melvin and Mary was a putative marriage; that Mary did not thereafter abandon such marriage; that Melvin did not leave surviving minor children; that Mary's youngest daughter was not the daughter of Melvin; that

after their ceremonial marriage they did not enter into any agreement to become and live as husband and wife; that after Mary filed her divorce suit they agreed "to go back together as husband and wife"; that Mose Nobles and Mary did not become married under a common-law marriage.

In the course of the trial it was stipulated by counsel that after the marriage ceremony between Melvin Taylor and Mary Nobles, performed on April 5, 1941, there was never any oral or written agreement between them to become man and wife.

The appellant at the conclusion of the evidence moved for an instructed verdict, which motion was overruled. When the jury's verdict was returned the appellant contended to the court that there was a conflict in the jury's answers to special issues Nos. 8 and 11, and moved the court to instruct the jury to retire and reconcile such claimed conflict, which motion was overruled. Upon the admissions, verdict and stipulation the court entered judgment for appellee, after overruling the appellant's motion for judgment non obstante veredicto.

By its first point, the appellant maintains that it was entitled to judgment in its favor because the ceremonial marriage between Melvin and Mary Taylor was void because of Melvin's existing marriage to another woman, and that there was no legal common-law marriage between them. It maintains by its second point that since undisputed evidence shows that when Melvin and Mary Taylor contracted their bigamous ceremonial marriage he was still married to his first wife, and that since the undisputed testimony and the stipulation of counsel show that Mary and Melvin never entered into any other agreement of marriage to become man and wife, Mary never became the legal wife of Melvin Taylor, and, therefore, the appellant was entitled to judgment in its favor. Under these points, appellant argues that since it is unquestioned that the ceremonial marriage was invalid because of the impediment to such marriage, which consisted of Melvin's prior existing marriage, it was necessary after such impedi-

ment was removed by Melvin's divorce that the parties enter into a new agreement to become man and wife before their status would become that of a common-law marriage. It argues that while such an agreement may be shown by circumstances any such presumption from circumstances was conclusively rebutted by the stipulation that no such agreement was entered into. In support of this argument it relies upon Clack v. Williams, Tex.Civ.App., 189 S.W. 2d 503. With these contentions we are unable to agree. We believe the rule announced in Gorman v. Gorman, Tex. Civ.App., 166 S.W. 123, and Consolidated Underwriters v. Kelly et al., Tex.Com.App., 15 S.W.2d 229, applies to the facts of the present case. From the record, Mary entered into the ceremonial marriage in good faith, believing that her marriage was lawful and not knowing at any time of the impediment which rendered it unlawful at its inception. In the very nature of the marriage relation, the continued living together of Mary and Melvin as husband and wife after the removal of the impediment which rendered the original marriage invalid was necessarily a constant offer and acceptance of the mutual relation of husband and wife between the parties, and their cohabitation under such circumstances constituted the lawful relation of husband and wife. Their continued living together as husband and wife after the impediment was removed, Mary not knowing of the existence of the impediment nor of its removal, did not merely raise an inference of an agreement of marriage, which would have been rebutted by the stipulation and the testimony to the effect that no subsequent agreement of marriage was ever made, but this continued living together as husband and wife after the removal of the impediment constituted the lawful relation of husband and wife. Edelstein v. Brown, Tex.Civ.App., 95 S.W. 1126; Smith v. Smith, 1 Tex. 621, 46 Am.Dec. 121; Gorman v. Gorman, Tex.Civ.App., 166 S.W. 123; Kelly et al. v. Consolidated Underwriters, Tex.Civ.App., 300 S.W. 981; Consolidated Underwriters v. Kelly et al., Tex.Com.App., 15 S.W.2d 229.

By its third point, the appellant contends that the jury's answer to special issue No. 8, to the effect that Mary and Melvin Taylor did not enter into any agreement of marriage after the date of the ceremonial marriage, was in conflict with the jury's answer to special issue No. 11, to the effect that after Mary filed suit for divorce from Melvin, the parties agreed to go back together as husband and wife. We do not believe that the answer to special issue No. 11 was in conflict with the answer to special issue No. 8. Special issue No. 11 inquired as to the conduct and intent of the parties at the time of their reconciliation after Mary filed a suit for divorce, since from the testimony and the findings of the jury Mary had acted in good faith in going through the ceremonial marriage. From the very nature of things she could not have made an agreement at the time of the reconciliation to initiate a common-law marriage. In fact this agreement "to go back together as husband and wife" has no bearing on the inception of the valid marriage relation existing between Mary and Melvin since the date of Melvin's divorce from his first wife. The jury's answer to special issue No. 11 had no bearing on the inception of the marriage relation but only went so far as to find that whatever their marriage relation was at the time she filed suit for divorce, the parties thereafter became reconciled and returned to that prevailing status. No error is presented by this point.

By its 4th point, the appellant says there was no evidence to support the submission of special issue No. 11 and hence the jury's answer thereto should have been disregarded by the trial court. What we have said in commenting upon appellant's third point above disposes of this contention. For the reasons given above, this point is overruled.

The appellant's 5th point maintains that there being evidence that Mary Taylor after her divorce from Mose Nobles, her first husband, bore four children as the result of her relationship with Mose Nobles, the trial court erred in failing to instruct the jury in connection with special issue No. 1, that in order for Mary and Melvin Taylor to have consummated a putative marriage, Mary Taylor must

have been a single woman, eligible to enter into a contract of marriage. Special issue No. 1 submitted by the court read as follows:

"Do you find from a preponderance of the evidence that Melvin Taylor and Mary Taylor, on the 5th day of April, 1941, consummated a putative marriage? Answer 'Yes' or 'No'. Answer: Yes.

"A 'putative marriage' is one contracted in good faith, and in ignorance of some existing impediment on the part of at least one contracting party. To constitute a 'putative marriage' there must be bona fides, and at least one of the parties must have been ignorant of the impediment not only at the time of the marriage, but must have continued ignorant of it during the life of the other party; the marriage must have been solemnized and must have been considered lawful in the estimation of the parties or of that party who alleges the bona fides."

One of appellant's objections to this portion of the charge was that the issue was immaterial since a putative wife cannot in this state recover compensation benefits. This objection was properly overruled by the court for the reason that it was contended by the appellee here that a putative marriage was first entered into by a ceremonial marriage and such marriage later became a valid common-law marriage by the removal of the impediment to the ceremonial marriage. We think it was proper to have a determination by the jury of the existence of a putative marriage, since such a marriage was claimed by appellee to have become a common-law marriage after Melvin's divorce. Its other objection to such issue was that it was erroneous since it failed to inform the jury that Mary Taylor must have herself been a single woman, eligible to enter into a legal marriage at the time of the ceremony. The additions to the definition of "putative marriage", as requested by the appellant, would have been proper if there had been evidence in the record sufficient to raise the issue as to whether Mary was the wife of Mose Nobles at the time of her ceremonial bigamous marriage to Mel-

vin Taylor. The evidence, however, was not sufficient to raise such an issue nor to support a finding to that effect. Mary Taylor testified that while Mose Nobles visited her regularly for some time after they were divorced and she bore four children to him, they did not live together and did not profess to be husband and wife. She also testified that they lived in separate houses during all the time after their divorce. Her testimony is the only evidence relied on by appellant in its contention that she was the wife of Mose Nobles by a common-law marriage after their divorce. The court submitted an issue to the jury however, special issue No. 14, in answer to which the jury by its verdict found that Mary Nobles and Mose Nobles did not consummate a common-law marriage after the date of their divorce. In view of this finding, which was in effect that Mary was a single woman at the time of her ceremonial marriage, the contention of the appellant in this regard was submitted to the jury and such finding was a denial of such contention. This point presents no error.

The judgment is affirmed.