Leona **WILLIAMS**, Appellant,

v.

Jessie T. **WILLIAMS**, Appellee.

No. 3548.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1960.

Rehearing Denied July 8, 1960.

Robert Bowers, Breckenridge, for appellant.

J. G. Harrell, Breckenridge, for appellee.

WALTER, Justice.

Leona Williams filed suit against Jessie T. Williams for a divorce from an alleged common law marriage, for a partition of their property, and for attorney's fees. The defendant specifically denied he was the husband of the plaintiff and specifically denied that they were married on or about July 1, 1954, as alleged by the plaintiff. After the plaintiff rested her case, the court granted the defendant's motion for an instructed verdict and rendered judgment for the defendant.

The parties will be referred to as they were in the trial court. The plaintiff has appealed from such judgment contending the court erred in entering judgment for the defendant because she had pleaded and had introduced some evidence of probative force to establish the essentials of her cause of action.

The plaintiff and defendant were married in a ceremonial marriage in Coleman County on December 20, 1925. The plaintiff and defendant were divorced from their first marriage on July 11, 1944. The plaintiff moved to Breckenridge and lived on South Parks Avenue at the time she contends she and the defendant entered into an agreement of marriage on or about July, 1954, which was followed shortly thereafter by a trip to Arkansas. The plaintiff introduced some evidence of probative value that she and the defendant lived together as husband and wife and held themselves out to the public as husband and wife pursuant to a definite agreement to become husband and wife.

"What elements, then, need be shown to make a prima facie or tentative showing of a common law marriage? In Texas, three elements must exist: (1) an agreement to be husband and wife; (2) living together as husband and wife; and (3) a holding out to the public that the couple are husband and wife. Grigsby v. Reib, 1913, 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E, 1; Shelton v. Belknap, 1955,

155 Tex. 37, 282 S.W.2d 682. In the Grigsby case, supra, this Court announced that the marriage was more than a contract; it is a status." Ex parte Threet, Tex.Sup., 333 S.W.2d 361. The evidence must be considered most favorably in behalf of the party against whom the verdict is instructed when we review the question of the trial court's authority to instruct a verdict. If there is any conflicting evidence of a probative nature, the determination of the disputed issues is for the jury. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422.

We are forced to the conclusion that plaintiff was entitled to go to the jury on the disputed issue of her common law marriage unless she was estopped by introducing in evidence her deed to the defendant dated August 24, 1954, in which she recited that she was a widow. Although the purpose for which said deed was offered and admitted in evidence was not expressly stated, it clearly appears from the record that it was introduced to establish plaintiff's right to a separate interest in the Throckmorton County land. The defendant contends that the plaintiff is conclusively estopped and bound by such judicial admission, namely, that she is a widow as shown by said deed, which is inconsistent with her claim of a common law marriage on July 1, 1954.

The plaintiff pleaded: "At the time she signed the deed to her property on Parks Avenue she had been previously told by her husband at the time of her marriage and of the purchase of the property in Throckmorton County that he and she could put together the property which they had and could make the down payment on the land, and she had consented thereto, and at the time she signed the deed she was excused from her job at York's Cafe in Breckenridge, went to the office of the Notary, signed same immediately upon being told by defendant that the papers were to put the house in on the trade with the Beatys, and that she was not acquainted with the law

regarding conveyance of property in Texas, but knew that same was her separate property and she signed the same as she was told to do and in the manner she was told to sign it and immediately returned to her job." The plaintiff's testimony substantially supports said allegations.

"Ordinarily, a party who introduces documentary evidence is not allowed to impeach or contradict it or to accept a part which is in his favor and repudiate another part which is opposed to his claim or defense. One introducing documentary proof bearing upon an issue vouches for its accuracy so far as that issue is concerned and is, as a general rule, bound by its recitals for all purposes. It is well settled, however, that a party who introduces a document in evidence is not precluded from impeaching it by evidence which goes to its invalidity or which tends to show that it has not in law the effect that it purports to have. One is not bound by the recitals of a document which he introduces for the purpose of impeaching it on the ground of fraud; and in analogy to the rule that a party may prove the truth of particular facts in direct contradiction of the testimony of his witness, the authorities hold that a party introducing documentary evidence may disprove facts stated therein." 20 Am.Jur. Evidence, Section 915.

■ In the case of United States Fidelity & Guaranty Co. v. Carr, Tex.Civ. App., 242 S.W.2d 224, 229 (Writ Ref.), Justice Norvell has set forth the elements of a party's testimonial declarations which are binding on him. The controlling element in the case at bar being number 3, which is as follows: "3. That the statement is deliberate, clear, and unequivocal. The hypothesis of mere mistake or slip of the tongue must be eliminated. 20 Am.Jur. 1032, Evidence, § 1181. If the statement merely contradicts some other portion of the party's testimony, conclusive effect cannot be given thereto, but a fact issue is presented for the determination of the jury or the judge sitting without a jury as in the case of an ordinary witness. Leonard v. Smith, Tex.Civ.App., 186 S.W.2d 284; New St. Anthony Hotel Co. v. Pryor, Tex. Civ.App., 132 S.W.2d 620." The Carr case has been cited with approval by the Supreme Court in Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364. See also Trice Production Co. v. Dutton Drilling Co., Tex. Civ.App., 333 S.W.2d 607.

■■ At most the declaration in said deed that she was a widow only contradicts plaintiff's other testimony relative to her common law marriage to defendant. Under these circumstances a fact issue was presented for the jury. If the plaintiff and the defendant had in truth and in fact entered into a common law marriage as alleged by the plaintiff, said status or relationship of the parties could be dissolved only by death or by divorce. Their bonds of matrimony could not be dissolved by estoppel. See Bankston v. Scott et al., Tex. Civ.App., 216 S.W.2d 291.

The judgment of the trial court is reversed and the case is remanded.