**Patricia CHATMAN, a minor, by Juanita Jefferson, her guardian ad litem, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**No. 39522.**

United States District Court
N. D. California, S. D.
Aug. 31, 1961.

John J. Dunn, Oakland, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Helen A. Kelly, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, the child of wage earner and Juanita Jefferson guardian ad litem, seeks to recover social security benefits pursuant to 42 U.S.C.A. § 401 et seq. The present action for summary judg-

ment is brought pursuant to 42 U.S.C.A. § 405(g), the Appeals Council having ruled against plaintiff and having reversed the hearing examiner who sustained plaintiff's claim.

The facts are beyond dispute. Plaintiff was born December 1, 1943, while her mother and wage earner were living together. She was the third child born to this couple and she is now a minor who is eligible to receive benefits if at the time of her birth she was a "child" within the meaning of Section 216(h) (2) of the Social Security Act. This section requires, in determining the eligibility of a child for benefits, the Court to look to the law of devolution of the state in which the insured individual is domiciled.

 The wage earner was domiciled in Texas when plaintiff was born and the law of that state is controlling. Under the law of Texas, unless plaintiff be considered a legitimate child, she is not entitled to inherit or to otherwise share in the estate of the wage earner.

 The facts disclose that the wage earner and plaintiff's mother had been living together in Houston, Texas, and holding themselves out as husband and wife since 1934 or for more than nine years as a married couple at the time of plaintiff's birth. They did not separate until 1945.

At the time plaintiff's mother and the wage earner commenced living together in a common-law relationship, the mother had a husband then living from whom she was not divorced. After six months of separation from her then husband and after having signed and returned papers prepared by husband to obtain a divorce, plaintiff's mother met wage earner and began to live with him.

Thereafter on numerous occasions she inquired of her former husband whether the divorce had been completed. He replied in the negative, although he had actually obtained the divorce. Since Mrs. Jefferson failed to check the records of the county courthouse and instead relied upon her former husband's statements, she believed herself ineligible to marry Mr. Chatman, the wage earner. Not until her oldest son wanted to make out an allotment from his Army pay did she ascertain the facts concerning the divorce.

Under the above circumstances the hearing examiner found that the wage earner and Mrs. Jefferson established a valid common-law relationship and that such existed when plaintiff was born. He further ruled that plaintiff was entitled to inherit under the laws of Texas and that she was therefore eligible as a "child of the wage earner" to receive social security benefits within the meaning of Section 202(d) of the Social Security Act.

As stated above, the Appeals Council reversed this ruling. With the exception of a statement made by the wage earner, who is now elderly and disabled, there is not one iota of evidence in the record to challenge the finding of the hearing examiner that plaintiff's mother had indeed established a valid common-law marriage many years before the birth of plaintiff and one which persisted at the time of such birth. In effect, there is no real dispute as to the facts underlying the present action. The disposition of the case is one of law as enunciated by Texas cases.

The controlling decision is that of Consolidated Underwriters v. Kelly, Tex. Com.App.1929, 15 S.W.2d 229. In the Kelly case a couple lived together as husband and wife without being aware of the fact that the wife's ceremonial husband had died. The court held that the ignorance of the couple, which precluded their actual marriage, was no bar to the court's finding of a valid common-law relationship.

The Kelly case, which established new doctrine in Texas has since been followed (with one exception which apparently overlooked the decision) in the recent cases. Thus, McIlveen v. McIlveen, Tex. Civ.App.1960, 332 S.W.2d 113, and Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682, both hold that the common-law relationship gives rise to a valid marriage

and that an implied agreement may be found from the facts of living together and holding out to the public that the individuals are man and wife. Curtin v. State, 1951, 155 Tex.Cr.R. 625, 238 S.W. 2d 187, also follows the ruling in the Kelly case. For a history of the doctrine, see 17 Texas Law Review 223.

Under the facts, the relationship between the wage earner and claimant's mother was in fact such as to establish a common-law status within the law of Texas. Thus, the evidence does not support the findings of the Appeals Council and the order of the Referee should be reinstated.

Accordingly, it is ordered that judgment be entered in favor of plaintiff consistent with this opinion.