Alma WALLS, individually, and as next friend of Dorothy Walls, Shirley Walls, David Walls and Andrew Walls, Plaintiffs,

v.

Anthony CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 14530.

United States District Court
S. D. Texas,
Houston Division.

April 1, 1963.

Roberson L. King, Legal Aid Clinic, Texas Southern University, Houston, Tex., for plaintiffs.

Woodrow Seals, U. S. Atty., and John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

■ Plaintiff, Alma Walls, claiming to be the common-law wife of David Walls, deceased, has applied for widow's benefits. Her application was denied and, having exhausted administrative remedies, she petitions for review. The case is now before the court on plaintiff's motion to file a supplemental affidavit or, in the alternative, to have the case remanded so that the defendant may have the opportunity to reconsider her claim in light of new evidence. Since this court's jurisdiction is limited to review of the record, Title 42 U.S.C.A. § 405(g), plaintiff's motion to file the affidavit must be denied, but in light of the claim that new evidence is available and, chiefly because the defendant incorrectly applied the law, the motion to remand, pursuant to Sec. 405(g), is granted.

The following appears from the record. Plaintiff and decedent began living together in 1942, when plaintiff was married to another man, and both parties were aware of the fact. In 1945 plaintiff obtained a divorce from the former husband. There is evidence supporting the inference that plaintiff and decedent considered themselves married, that they lived together continuously for eighteen years, had four children, at least three of whom were given decedent's name, had a reputation in the community as husband and wife, decedent held plaintiff out as his wife, they filed joint income tax returns, had joint charge accounts, decedent's employment records indicated that plaintiff was his wife, and finally, decedent named plaintiff as his wife and beneficiary in his life insurance policy. And there is evidence that cuts against the inference of a common-law marriage. Plaintiff often asked for a formal marriage and the decedent, while agreeing that it should be done, "put her off". In addition, one of the children has the name of plaintiff's former husband on his birth certificate.

■ It is for the defendant, not this court, to resolve the conflicting inferences that can be drawn from the evidence, but he must do so in light of the standard set out in the statute. The law to be applied in determining whether plaintiff is the decedent's common-law wife is the law of Texas, the state of domicile, Title 42 U.S.C.A. § 416(h) (1) (A). Defendant has interpreted the law of Texas to hold that "in order for a valid common-law marriage to exist, a valid contract to marry must be entered into after the removal of the impediment of the previously existing marriage". (Tr. page 20). This statement of the

law implies that after the 1945 divorce, the parties must have made some explicit agreement to live together as husband and wife. This may be the rule in other states, see 17 Texas L.Rev. 223, but is not the law of Texas. The leading Texas case on the requirements of a common-law marriage in the face of a legal impediment is Consolidated Underwriters v. Kelly (Commission of Appeals of Texas, Sec. B, 1929), 15 S.W.2d 229, from which the following is quoted:

"We approve the conclusion of the Court of Civil Appeals that Joe and Louisa were husband and wife at the date of the former's death. We do not approve the statement that 'a sound public policy impels the law to infer consent' under the circumstances found, but we do agree that the facts as found authorized an inference of fact as to matrimonial intent at a time when no legal impediment existed. It is undoubtedly true that the agreement for marriage, whatever be the evidences of an attempt to execute it, so long as the legal impediment existed, was of no effect. The consummation of the marriage, however, cannot be denied for the want of agreement, but must be denied because of the legal impediment which prevented its consummation. The same matrimonial agreement, however, made at a time when no legal impediment existed to have this dissolving effect, would, upon every consideration, be lawful. It frequently happens, especially in common-law marriages, that the marriage which, of course, includes the agreement to marry, is proved by circumstances, technically known as cohabitation. Proof that a couple lived together under the same name, introducing each other as husband and wife, respectively, recognizing their children, and the many other respects tending to show their marital status, is sufficient to prove a marriage. It is not necessary in addition to offer evidence of the statutory celebration, or of the actual agreement of the parties to be husband and wife. These essential facts are embraced in the marriage which is thus proved by circumstances. So here the facts showing that, after Brown's death, the parties continued their relations deporting themselves as husband and wife and considering themselves such, are sufficient to prove as a matter of fact that they intended their relations to be marital, and since there then existed no legal impediment, their agreement and relations were valid and lawful. Their continued living together as husband and wife after the removal of the impediment bespeaks a continued intention and agreement, day by day, to be husband and wife, and this being true, the Court of Civil Appeals was right in reversing the judgment of the trial court. The same uncontradicted facts, perhaps, would have required that court to render judgment for defendants in error. But defendant in error makes no complaint of the judgment in that respect, and we do not decide it."

which is cited with approval by the Supreme Court of Texas (1955) in Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682. Consolidated Underwriters v. Kelly is also cited with approval in Tatum v. Tatum, 9th Cir., 1957, 241 F.2d 401, and Chatman v. Ribicoff, D.C.N.D.Cal. 1961, 196 F.Supp. 931.

■ It is ordered that the case be remanded to the Secretary for reconsideration in light of the applicable law stated in the two Texas cases cited above.

True copies hereof will be forwarded by the clerk to the attorneys of record.