Lelia R. FERRELL, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

**Civ. A. No. 63–H–5.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 5, 1964.

282

Hay, Kirk, Van Keuren & Baggett, David C. Baggett, Houston, Tex., for plaintiff.

Woodrow Seals, U. S. Atty., and Morton L. Susman, Asst. U. S. Atty., Houston, Tex., for defendant.

HANNAY, District Judge.

This action is a Petition to Review the final administrative decision of the Secretary of Health, Education and Welfare wherein Plaintiff's claim to survivor's insurance benefits under the federal Social Security Act, Title 42 U.S.C.A. § 401 et seq., was denied. The Defendant moves for summary judgment on the strength of the record now presented. Rule 56, F.R.Civ.P.

Plaintiff claims to be the widow of the deceased wage earner, Clyde S. Ferrell (hereafter Wage Earner), upon whose social security account she brings her claim and who died fully insured under the social security program on December 31, 1960, in Houston, Harris County, Texas. (Tr., 60, 61). The validity of Plaintiff's claim depends upon her status as the wife of the deceased Wage Earner at the time of his death. More particularly, in this case, the question is whether Plaintiff was the common law wife of the Wage Earner at the time of his death.

The record shows that Plaintiff had been previously married (1908) and divorced when she married Wage Earner on March 31, 1917. (Tr., 33). Her marriage to Wage Earner lasted until October 15, 1951, at which time it too ended in divorce. (Tr., 71–72). Plaintiff was told by her doctor that she was in danger of severe nervous collapse and that divorce was advisable. (Tr., 45–46). Her husband was alcoholic (Tr., 33) and domineering towards her.

After the divorce, Plaintiff and her former husband continued to live upon the same property they had during their marriage. There were two buildings on it—the home and a workshop. The deceased lived in the latter. In late 1957, Plaintiff permitted deceased to move back into the home. Deceased had suffered several strokes and was ill. Since the divorce, Plaintiff had quit drinking and had managed to amend his attitudes and ways that had led to divorce. But during the remaining years that they lived together, Plaintiff clearly declined to re-enter into a marriage with the Wage Earner. (Tr., 89).

At the administrative hearing, Plaintiff testified as follows (Tr., 54):

"Q. * * * You never, at any time, suggested to him, let's get married, did you?

"A. He suggested.

"Q. But you didn't consent to it, did you?

"A. No."

██ On judicial review of the Secretary's decision, his finding as to any fact which is supported by "substantial evidence" in the record shall be deemed conclusive. Title 42 U.S.C.A. § 405(g). The accepted test of "substantial evidence" was set out in National Labor Relations Board v. Columbian Enameling and Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660:

"* * * Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion', * * * and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

Accord: Bashton v. Flemming, D.C., 187 F.Supp. 866; Craig v. Ribicoff, D.C.,

192 F.Supp. 479; Carpenter v. Flemming, D.C., 178 F.Supp. 791.

 As the Wage Earner died domiciled in Texas, the question of whether the parties here were legally husband and wife at the time of the Wage Earner's death is controlled by Texas law for purposes of the Social Security Act. Title 42 U.S.C.A. § 416(h) (1) (A). The rule in Texas is that a valid common law marriage requires three conditions, to-wit: (1) an agreement to henceforth be husband and wife, (2) cohabitation, and (3) a holding out to the public that the parties are husband and wife. Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124; Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682; Williams v. Williams, Tex. Civ.App., 336 S.W.2d 757.

 The agreement to enter a common law marriage may be implied. Shelton v. Belknap, supra; Consolidated Underwriters v. Kelly, Tex.Com.App., 15 S.W.2d 229. Indeed, the required agreement may in some instances be implied from the cohabitation of the parties and their holding out to the public that they are man and wife. Shelton v. Belknap, supra; Consolidated Underwriters v. Kelly, supra. *But this implication of a marriage contract cannot be drawn where there is direct evidence that the requisite agreement to henceforth be husband and wife was never reached by the parties.* (Emphasis added.) Perales v. Flores, Tex.Civ.App., 147 S.W.2d 974; Clack v. Williams, Tex.Civ.App., 189 S.W. 2d 503; Rush v. Travelers Insurance Co., Tex.Civ.App., 347 S.W.2d 758. This is particularly the case where there is evidence that what was intended was essentially a relationship of convenience and a status terminable at the will of either party. Cornell v. Mabe, 5 Cir., 206 F.2d 514, 517; Perales v. Flores, supra.

██ The reason given by Plaintiff why she did not have a ceremonial marriage to Wage Earner was that she did not want him "to own" her. (Tr., 78). It is both of record and clearly inferable from the record that in fact and in legal

contemplation she did not wish to revert to the oppressive marriage situation which existed before her divorce in 1951. (Tr., 87–90). It is clearly inferable from the record that Plaintiff rejected the risk inherent in binding wedlock. The direct evidence of Plaintiff's reluctance and refusal to accept the legal status of a wife is of sufficient substantiality to support the Secretary's finding that there was no common law marriage between the parties for want of an agreement to henceforth be husband and wife.

It therefore appearing from the record that the Secretary's decision is correct in law and is supported by substantial evidence in the record, the decision of the Secretary is affirmed; and it further appearing that no genuine issue as to any material fact is presented by the record in this case, the Defendant's Motion for Summary Judgment is granted. Rule 56, F.R.Civ.P.

The Clerk will notify counsel.