**Winnie DANIEL, Appellants,**

v.

**Walden Leon DANIEL, et al., Appellees.**

**No. 09 83 145 CV.**

Court of Appeals of Texas, Beaumont.

Aug. 30, 1984.

Rehearing Denied Sept. 19, 1984.

Larry G. Byrd, George E. Chandler, Stephen J. Zoyler, Lufkin, for appellants.

Robert T. Cain, Jr., Lufkin, for appellees.

## OPINION

McNICHOLAS, Justice.

This is an appeal from the County Court At Law of Angelina County, Texas, in which the appellant, Winnie Daniel, was the defendant and Walden Leon Daniel, Brenda Lanelle Scarborough, and Phillip Neal Daniel, were the contestants. Douglas Tipton, an alternate beneficiary, and Kathryn M. Devaney were cross-appellees. Parties will be referred to as they were in the court below and in the briefs, to-wit, "Daniel" and "Contestants".

The sole issue is whether there existed a common-law marriage between the defendant, Daniel, and Raymond Daniel, deceased, at any time after their ceremonial divorce.

Raymond Daniel and Winnie Daniel were married in Angelina County on the 12th day of February, 1974. On March 24, 1975, Raymond Daniel executed his last will and testament, duly executed and attested with the self-proving affidavit in the form provided by the Texas Probate Code, under the terms of which Winnie Daniel was designated as Independent Executrix and principal beneficiary. The will provided that in the event that Winnie Daniel predeceased Raymond or did not survive him by six (6) months, Walden Leon Daniel, Brenda Lanelle Scarborough, Phillip Neal Daniel and Douglas Tipton were named alternate beneficiaries. This will was never revoked or cancelled by Raymond Daniel and was admitted by the Judge for probate.

On June 28, 1978, Raymond and Winnie Daniel were divorced in the district court of Angelina County, Texas, and from the testimony, shortly after the divorce, they resumed living together in their former home.

Raymond Daniel died October 6, 1981. Winnie Daniel filed an application to probate the will of Raymond Daniel and applied for the appointment of a temporary administrator to manage the businesses and the estate. Letters testamentary were granted her and she was appointed temporary administratrix. The contestants filed a petition to construe the will and appoint a temporary administrator of their own choice. Following the trial, a successor temporary administrator, a local bank, was appointed by the trial judge and the assets turned over to its possession and control pending this appeal.

Trial was to a jury, which found that there was no common-law marriage between the decedent and the applicant Daniel. Judgment was for the contestants and against the applicant Daniel, in that the will's bequest to the applicant and the appointment of the applicant Daniel as Independent Executrix of the Estate was declared null, void, and of no effect. Judgment was against the contestants and for the cross-appellees in that Douglas Earl Tipton was declared a beneficiary of the

will and Kathryn M. Devaney was appointed Independent Executrix.

Daniel's first four points of error may be grouped as one, in that they set forth error on the part of the trial court based upon the jury's findings that there was no common-law marriage. Daniel states that these findings were supported by no evidence, by factually insufficient evidence, and were against the great weight and preponderance of the evidence and further, that the court erred in overruling Daniel's motion non-obstante verdicto because there was no evidence to support the jury's findings on special issues nos. 1, 2 and 3.

*TEX.FAM.CODE ANN. sec. 1.91* (Vernon 1975) sets out the proof required to establish an informal or common-law marriage as follows:

(a) In any judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:

(1) a declaration of their marriage has been executed under Section 1.92 of this code; or

(2) they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

(b) In any proceeding in which a marriage is to be proved under Subsection (a)(2) of this section, the agreement of the parties to marry may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married.

*See, Estate of Claveria v. Claveria,* 615 S.W.2d 164 (Tex.1981); *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978).

An agreement to be husband and wife may be inferred from proof of living together as husband and wife and representing to others as such. *In re Glasco,* 619 S.W.2d 567 (Tex.Civ.App.—San Antonio 1981, no writ); *Smith v. Smith,* 607 S.W.2d 617, 621 (Tex.Civ.App.—Waco 1980, no writ); *TEX.FAM.CODE ANN. section 1.91(b)* (Vernon 1975).

The effect of the testimony of several witnesses for Daniel was that Daniel and the deceased lived together after the divorce in 1978, held themselves out as husband and wife, filed joint tax returns, worked together, and were regarded as husband and wife in the community. The contestants contend that the effect of the above conduct was destroyed because the divorce was not known in the community, that various real estate transactions were entered into deleting any reference to a marriage, that a loan application was made representing that Daniel and the deceased were unmarried, and a joint homestead designation, made in connection with said loan application, was signed by both but did not indicate they were married.

It is elementary in Texas that where there is probative evidence to support the affirmative or negative of a contention in litigation, it is for the trier of the facts to resolve the difference. *Jones v. Tarrant Utility Company,* 638 S.W.2d 862 (Tex.1982). This court may not substitute its findings for those of the trier of the facts. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 (1951); *Carrasco v. Goatcher,* 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ).

A valid common-law marriage consists of three elements: (1) an agreement presently to be husband and wife, (2) living together as husband and wife and (3) holding each other out to the public as such. *Humphreys v. Humphreys,* 364 S.W.2d 177 (Tex.1963). The circumstances of each case must be carefully considered and each case must turn on its own facts. And, when reasonable minds may differ as to the truth of controlling facts, the issue must go to the jury. *Collora v. Navarro, supra; Najera v. Great Atlantic & Pacific Tea Co.,* 146 Tex. 367, 207 S.W.2d 365 (1948).

We are of the opinion that there was ample evidence to present a fact issue for the jury, there was ample evidence to support its answers to the special issues 1, 2 and 3, and its answers are not against the

great weight and preponderance of the evidence. *See In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *McIlveen v. McIlveen*, 332 S.W.2d 113 (Tex.Civ.App.— Houston [1st Dist.] 1960, no writ). Daniel's first four points of error are overruled.

Points of error 5 through 12 raise common issues concerning the submission of proper Special Issues. The trial court submitted the following special issues:

## SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that after their divorce in 1978, Raymond Daniel and Winnie Daniel agreed with each other to be husband and wife in a new marriage?

## SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that under that agreement, if any, Raymond Daniel and Winnie Daniel lived together as a husband and a wife?

## SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that, after their divorce in 1978, Raymond Daniel and Winnie Daniel, held each other out to others as husband and wife in a new marriage?

The jury answered all of these issues "We do not".

Daniel duly objected to the submission of these Special Issues as the inclusion of the term "new marriage" was an improper charge as to the requirements of a common-law marriage by imposing on Daniel a greater burden than is required by *Section 1.91* of the Texas Family Code, thus constituting a comment on the evidence. As required, Daniel properly requested and submitted the following special issues, tracking almost verbatim the statute:

## SPECIAL ISSUE NO. ____

Do you find from a preponderance of the evidence that Raymond Daniel and Winnie Daniel held themselves out to the public as being husband and wife at any time after July 19, 1978?

## SPECIAL ISSUE NO. ____

Do you find from a preponderance of the evidence that Winnie Daniel and Raymond Daniel cohabitated, that is, lived together as husband and wife, at any time after July 19, 1978?

## SPECIAL ISSUE NO. ____

Do you find from a preponderance of the evidence that there was an agreement to be husband and wife between Winnie Daniel and Raymond Daniel at any time after July 19, 1978?

These requested special issues were all refused by the trial court.

The requirement of an awareness in the community or by the public of the prior divorce which the term "new marriage" would necessarily bring about finds no support in *Section 1.91* of the Texas Family Code. The contestants attempt to explain away the term on the grounds that without it the jury could easily be confused and that "new marriage" is simply a statement of the obvious, but do not cite any authority in support thereof.

The requirement of the awareness by the community, or the public, of a prior marriage or divorce would bar the establishment of a common-law marriage in those instances where parties had previously been married then divorced and after the divorce were living in a common-law relationship but the public had no knowledge of the prior marriage or divorce.

The law recognizes a common-law marriage, but a common-law divorce is unknown to Texas law. The marriage arises out of the state of facts; but once the common-law status exists, it, like any other marriage, may be terminated only by death or a court decree. Once the marriage exists, the spouses' subsequent denials of the marriage, if disbelieved, do not undo the marriage. *DeBeque v. Li-*

*gon,* 292 S.W. 157 (Tex.Comm'n.App. 1927, holding approved).

*Estate of Claveria v. Claveria, supra.*

After the July 19, 1978 divorce, the parties could have entered into a common-law marriage if it were found that all three requirements of *Section 1.91* of the Texas Family Code had been met. *Durr v. Newman,* 537 S.W.2d 323 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.); *Williams v. Williams,* 336 S.W.2d 757 (Tex.Civ.App.—Eastland 1960, writ dism'd).

■ Because we are of the opinion that the insertion of the word "new marriage" placed a burden upon Daniel which was not required under *Section 1.91* to establish a common-law marriage and that the Special Issues requested by Daniel which were refused were correct and proper, we sustain Daniel's points of errors 5 through 12, and accordingly, remand this cause to the trial court for a new trial.

In view of our holding, it is not necessary to pass upon appellees' and cross-appellants' points of error dealing with the declaration that Douglas Earl Tipton was a beneficiary under the will, giving effect to the gift, and the appointment of Kathryn M. Devaney as Independent Executrix.

The judgment of the trial court is REVERSED and the cause is REMANDED.

REVERSED AND REMANDED.