No reversible error appearing in the record, the motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Request for Leave to File Second
Motion for Rehearing.

HAWKINS, Presiding Judge.

Appellant has filed a request for leave to file second motion for rehearing asserting that his attorney could not legally be charged with the court clerk's negligence in securing approval of his bills of exception within the time required. Appellant has evidently overlooked the holding contrary to his position in Morris v. State, 115 Tex.Cr.R. 503, 28 S.W.2d 155 and O'Burke v. State, 123 Tex.Cr.R. 318, 58 S.W.2d 111.

Request for leave to file second motion for rehearing is denied.

## FLUSCHE v. USELTON.

No. 9620.

Court of Civil Appeals of Texas. Austin.

March 19, 1947.

Rehearing Denied April 9, 1947.

Julius F. Franki, of Austin, for appellant.

W. Wroe Owens, and C. L. Krueger, both of Austin, for appellees.

HUGHES, Justice.

Max P. Flusche, Jr., appellant, deposited $500 with C. T. Uselton, a realtor, under a contract to purchase a house and lot in Austin, Texas, from W. H. Filiere, the owner. The contract, dated August 19, 1946, provided that should the buyer default the $500 so deposited would be retained as liquidated damages and equally divided between the owner and agent. On this assumption the money was so divided; and this suit was brought September 13, 1946, for its recovery.

After all evidence had been introduced, the trial court withdrew the case from the jury and rendered judgment against appellant.

Appellant first complains of the action of the trial court in setting aside a default judgment taken against appellee W. H. Filiere. This default judgment was rendered October 7, 1946, and motion to vacate it was filed October 23, 1946, in which it was alleged that Filiere was under the impression that no judgment could be taken against him until his codefendant, Uselton, had been served with process, and that he knew that Uselton was not served. As a defense he alleged that he was not indebted to Flusche and was ready, able and willing to perform the contract with him. We think these grounds, which are supported by the testimony, sufficient to authorize the trial court's action in setting aside the default judgment, being clearly within the rule announced in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule."

Appellant asserts that the following matters were raised by the evidence, and that the trial court therefore erred in withdrawing the case from the jury and rendering judgment against him:

1. That the contract never became effective because of a contemporaneous oral agreement that unless appellant could obtain a $4,000 loan on the property he would not be obliged to buy; and that, failing to obtain the loan, he elected to rescind.

2. That the value of the property was misrepresented; and,

3. That a large pecan tree was not located on the property as represented.

■ Appellant alleged that it was orally agreed he would not be obligated to purchase the property until and unless he obtained a commitment for a loan in the sum of $4,000, payable "in monthly installments of not more than $50 a month, including principal, insurance, and interest at the rate of 5% per annum." The written contract itself gives appellant a loan identical with that which he contends he was to obtain elsewhere; the language of the contract being: "$4,000 payable as follows: one vendor's lien note payable monthly in installments of not more than $50 a month, including principal, insurance, and interest at the rate of 5%." It could make no material difference, at least the record shows none, to appellant as to whom his loan was carried by. If he suffered any injury by reason of his failure to obtain an identical loan elsewhere, this injury is without damage and is not actionable. Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1.

■ As to the value of the property being misrepresented, the general rule is that an opinion or statement as to value is not actionable though it be false. 20 Tex. Jur., p. 73.

There are exceptions to this rule, such as where a seller, claiming special knowledge, makes representations as to value to one ignorant in respect of the value, which fact is known to the seller, with the intention that they should be relied on. 20 Tex.Jur., p. 73. While appellant's pleadings are very meager upon this phase of the case we suggest, in view of another trial, that upon proper pleadings, the evidence, if substantially the same as now before us, will require submission of appropriate issues as to this ground of recovery.

■ As to the last point it is shown that appellant and his wife were without experience in real estate transactions; that they moved here from San Marcos for the purpose of his attending the University of Texas, and that being unable to find a rent house were compelled to buy; that they wanted a place with a nice yard on account of their small child; that one of appellee's agents showed them the house in question and the pecan trees in the back stating that they were all on the property. Appellant testified that he did not learn that one of the large pecan trees was not located on the property as represented by the agent until after the contract was signed. It was shown upon the trial that the pecan tree was located about seven inches from the property line and on the adjacent lot. There is a picture in the record showing the tree to be very large and beautiful, with branches extending over the lot which appellant contracted to buy. The value of this tree to the property is estimated at from one to four hundred dollars. While the tree is stationary, and appellant would have received the shade from the branches extending over his lot, there is no lawful right on his part to protect and preserve such tree or to prevent the owner of the lot on which it stands from destroying it. It is true that on cross-examination appellant was not sure that he discovered the tree to be off the property before or after the contract was signed; however, he later testified positively that he learned this subsequent to signing the contract. Construing the evidence most strongly in his favor, as we must, we are of the opinion that there were issues of fact concerning this tree which should have gone to the jury, unless, as appellees urge, the right to complain about the location of this tree has been lost since appellant, after learning the tree was not on the property, made efforts to obtain a loan. This contention is unsound because (a) waiver was not pleaded by appellees, (b) appellees take the position that any verbal agreement about a loan is invalid, (c) appellant, upon learning the tree was not on the property, had the election of rescinding or affirming the contract and suing for damages. He was entitled to inquire about a loan in order to intelligently deter-

mine which remedy he should pursue. Appellees were in no way prejudiced thereby, and do not suggest that appellant has been guilty of laches.

For the errors indicated the judgment is reversed and the cause remanded.

Reversed and remanded.