**BROWN v. WORTMAN et al.**

**No. 2762.**

Court of Civil Appeals of Texas.

Tenth District. Waco.

Feb. 5, 1948.

Orville Jobe, of Waco, for appellant.

F. R. Valentine, of Waco, for appellees.

HALE, Justice.

This is an appeal from a default judgment. Appellant says the court below erred in overruling his timely motion to vacate the judgment and grant him a new trial.

The rule of law applicable to appellant's point of error is well stated in the case of Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126, as follows: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

Appellees sued appellant in this cause for the cancellation of a written contract to build a five room house in Waco and for damages in the total sum of $1,195.58 on account of appellant's alleged breach of said contract. The contract was dated July 16, 1946 and was to be completed within a reasonable time. The elements of the damages sought and recovered consisted of various items in the aggregate sum of $445.58 as the cost of materials and labor necessary to complete the contract and $750 as the alleged depreciation in the value of the house after the time when the contract should have been completed.

Under the terms of the citation served upon appellant he was required to answer the suit on May 12, 1947. Having defaulted, judgment was rendered against him on that day as prayed for by appellees. On May 29th appellant's answer was filed in the cause by his attorney and at the same time his verified motion to vacate the judgment was filed, wherein it was alleged that appellant's failure to answer at the time required in the citation was neither intentional nor the result of conscious indifference on his part, and that he had a meritorious defense to the cause of action pleaded against him by appellees. On June 24th appellees filed their unsworn answer to appellant's motion, denying all material allegations therein contained and praying that the same be overruled. After a hearing appellant's motion was overruled during the term at which the judgment was rendered and appellant has duly perfected his appeal therefrom to this court.

At the hearing appellant testified in support of the allegations contained in his motion. It was shown by his testimony that he had never been sued before and had "never been in court in any shape, form or fashion during a trial"; that he had spent most of his life in the country as a farmer and never went beyond the 8th grade in school; that he "didn't know how you would go about answering a citation, or anything about a citation. I didn't know anything on earth about how to answer it." Appellant further testified without dispute that on the day he was served with citation he called Hon. H. S. Beard, a practicing attorney of the Waco bar, by telephone, and the next day he went to the office of said attorney, where he waited for two hours, but was unable to see him; that he thereafter attempted, at different times, to contact said attorney without success and he then made several attempts to contact Hon. Orville Jobe, another practicing attorney of the Waco bar, but was unable to do so until May 28th; that he knew these two lawyers and had the specific intention of hiring either one of them to answer for him and represent him in the case; and that he did not know a default judgment would be rendered against him if he failed to answer on the day indicated in the citation. He also testified that his delay in completing the contract sued upon was due to a general shortage of building materials in the open market and to his resulting inability to purchase some of the material necessary to a complete performance of the contract.

Appellees introduced Ray Head at the hearing as one of the witnesses on their behalf. This witness testified on direct examination that he had been engaged in the real estate business in Waco for more than 20 years and that in his opinion, among other things, the value of a new five room house would not have decreased any in Waco since July of 1946 "because construction costs are higher now then they were then."

We think the undisputed evidence adduced on the hearing of appellant's motion shows that his failure to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due rather to a series of circumstances for which he should not be held strictly accountable in equity. Not only did his sworn motion and testimony make out a prima facie defense against all claims asserted against him by appellees, but the testimony of appellees' witness, Head, if true, indicates that the extent of appellant's liability for damages, if any, did not exceed the sum of $445.58. It is also undisputed under the evidence that appellees could have secured a trial on the merits of the case at any time after the motion was filed, and hence the prompt granting thereof would not have occasioned any delay in the final disposition of the case. It thus appears to us that by granting the motion the trial court could have prevented any possible injustice to appellant without any injury or injustice to appellees. Therefore, we have concluded that the court prejudicially erred in overruling and not sustaining appellant's motion to vacate the judgment and grant him a new trial. American Mutual Liability Ins. Co. v. Morgan, Tex.Civ.App., 146 S.W.2d 329; Maeding v. Maeding, Tex.Civ. App., 155 S.W.2d 991; Flusche v. Uselton, Tex.Civ.App., 201 S.W.2d 58, points 1 and 2.

626

Accordingly, the judgment of the court below is reversed and the cause is remanded for a trial on its merits.