**CITY OF FORT WORTH, Appellant,**

v.

**ROSEDALE PARK APARTMENTS, Inc.,**
**Appellee.**

No. 15596.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 18, 1955.

Rehearing Denied March 25, 1955.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, G. Gordon Whitman, and John Gano, Fort Worth, for appellant.

Carl Abramson; Simon & Simon and Richard U. Simon, Fort Worth, for appellee.

BOYD, Justice.

Appellee Rosedale Park Apartments, Inc., filed this suit against appellant City of Fort Worth for reimbursement of money under the provisions of a written developer's contract executed by appellant and appellee, providing for the improvement by appellee of six designated streets in Rosedale Park Addition to the City of Fort Worth, and providing that appellant would reimburse appellee for certain portions of the cost of the improvements. Appellee performed the work upon four of the six designated streets, and alleged that it was entitled to be reimbursed in the sum of $4,855.32.

We do not set out the lengthy contract in full. After listing the streets and designating the areas thereof to be improved, it provided that appellee, at its own expense, was to improve the streets according to certain plans and specifications, and that the City would reimburse appellee to the extent of 30 cents per cubic yard for certain excavations and for the actual cost, at unit prices to be approved by the City, of the gravel base and asphalt surface treatment of the street intersections. The contract then provided:

"All payments and reimbursements due hereunder shall be contingent on the fulfillment by Developer of all the terms of this contract on its part to be fulfilled, and shall be due and payable on the following condition:

"Upon construction of residences on fifty per cent (50%) of the lots fronting on or adjacent to any street named in the first paragraph hereof, and situated within the area improved, the City will pay and reimburse Developer the amount of money refundable and chargeable to such street in making the improvements described by the terms of this contract."

Appellant answered by general denial and other pleas and especially denied that it was required by the terms of the contract to make any reimbursement until appellee had completed the improvement of all the streets designated in the contract and had "completely and wholly" fulfilled the terms of the contract. Appellant pleaded, however, that if under the provisions of the contract any reimbursement was then due, the sum of $4,855.32 would be the proper refund for the work that had been completed, and offered to tender that amount into the registry of the court "if the court deems such tender proper under the terms of the contract."

Upon trial to the court, judgment was rendered for appellee as prayed for.

Appellant's principal point for reversal is that the court erred in holding that any reimbursement was due, since the entire contract had not been performed by appellee; and that the correct interpretation of the contract is that when it has been performed in full by appellee, and residences built upon fifty per cent of the lots fronting on or adjacent to any street designated in the contract to be improved, then appellant would be obligated to reimburse appellee the amount of money refundable and chargeable to that street.

We are inclined to agree with appellant's interpretation of the contract. It provides that all reimbursements "shall be contingent on the fulfillment by Developer of all the terms of this contract on its part to be fulfilled." We do not think it is a proper construction of the contract, as insisted by appellee, that when the improvement of one street has been completed, and residences have been erected on fifty per cent of the lots fronting on or adjacent to that street, appellant is then obligated to make the reimbursement refundable to that street. To so construe it, we must disregard the plain provision that all reimbursements are contingent on the fulfillment by appellee of all the terms of the contract on its part to be performed. Appellee lays stress on the provision that when residences have been built on fifty per cent of

the lots fronting on or adjacent to "any" street, the City will reimburse appellee the amount chargeable to "such" street. We think that after providing that appellee must have performed all the work required of it before appellant is obligated to make the reimbursement, the contract imposes another condition before the City's liability accrues. That condition is that residences must be built upon fifty per cent of the lots fronting on or adjacent to any street "named in the first paragraph hereof, and situated within the area improved," before the City is required to reimburse appellee the amount refundable to "such" street.

 Having declared upon a contract containing certain provisions and conditions which must be complied with and met before there is any liability upon appellant, in our opinion appellee cannot recover without alleging and proving that the provisions have been complied with and the conditions met.

Appellee, in the alternative, sought recovery upon quantum meruit. If, under the terms of a written contract introduced in evidence by appellee and relied on by it, the time has not yet arrived when appellant owes appellee anything, it is not clear to us how the maturity of appellant's obligation can be accelerated by disregarding the provisions of the contract sued upon and substituting another basis for recovery. The written contract having set out the matters to be performed and the conditions to be met by appellee, upon the fulfillment of which any obligation of appellant is made to depend, we do not think that the wholesome and equitable doctrine of quantum meruit may be interposed to write a new contract between the parties which would be essentially different from the one declared upon.

There is an item of $211.41 to which appellee's right seems to have been clearly established. After some of the paving had been done in accordance with the contract, it was decided by the City's engineers to change the specifications as to a small portion of the work on one street, and appellant asked appellee to reconstruct a part of the sidewalk, curb and gutter on that street to new specifications, and promised to pay appellee for this extra work. The work was done, and it is undisputed that the amount due for that item is $211.41.

The judgment is reformed to award recovery for appellee in the sum of $211.41, and as reformed, the judgment is affirmed. The costs of the appeal are adjudged against appellee.