**J. B. KITTEN et ux., Appellants,**

**v.**

**Clovis L. VAUGHN, Appellee.**

No. 11346.

Court of Civil Appeals of Texas.

Austin.

Dec. 8, 1965.

Rehearing Denied Jan. 5, 1966.

Wallace T. Barber, San Marcos, Waitz, Bretz & Collins, Bruce Waitz, San Antonio, for appellants.

Cofer, Cofer & Hearne, Douglass D. Hearne, Austin, for appellee.

HUGHES, Justice.

Clovis L. Vaughn, appellee, sued J. B. Kitten and wife, Helen M. Kitten, appellants, on a promissory note executed by them, dated March 26, 1964, in the principal sum of $25,000.00, bearing interest at the rate of 10% per annum, and containing a 10% attorney's fee clause. This note was given for $25,000.00 in cash borrowed by appellants from appellee.

Appellant, Mrs. Helen M. Kitten pled her coverture as a defense to recovery on the note.

Both appellants pled an offset of $15,000.00, and prayed for a credit on the note in this sum.

Other defenses were pled by appellants, but since they are not briefed they will not be discussed.

We will first dispose of the contention of Mrs. Kitten that since she was a married woman when she executed the note to appellee that she is not liable thereon in the absence of evidence that the note was executed or its proceeds used for the benefit of her separate estate, or that such note or its proceeds were used for necessaries furnished to her or her children, or that her disabilities of coverture had been removed prior to the execution of the note. None of these circumstances was shown.

Appellants cite many cases to support this contention, all of which were decided before or involved transactions occurring before the amendment by the Legislature in 1963 of Art. 4626, and the repeal in the same year of Art. 4623, Vernon's Ann.Tex. Civ.St.[1]

With respect to the changes made in the law by these enactments, appellants say: "By amending Art. 4626, V.A.C.S., 58th Legislature, merely the procedural requirements to enable a married woman to act as a sole trader for the benefit of her separate estate, was changed. A careful reading of H.B. 403, indicates no intention on the part of the Legislature to make a community debt binding upon the separate estate of the wife or any intention to subject the wife to personal liability for such community debts."

With this statement, we are in complete disagreement. If accepted, it would leave, for all practical purposes, the law unchanged by the legislation enacted by the Legislature in 1963. We cannot attribute to the Legislature the intention of doing a useless act, or the intention to appease the militant leaders in an historical effort to obtain greater freedom and more rights for married women by passing a law which in form purported to advance their status towards equality with other persons sui juris but in fact made no change in their status. We are forbidden in this regard by the plain language of amended Art. 4626, which we quote:

"A married woman shall have the same powers and capacity as if she were a feme sole, in her own name, to contract and be contracted with, sue and be sued, and all her separate property, her personal earnings and the revenues from her separate estate which is not exempt from execution under the laws of Texas shall thereafter be subject to her debts and be liable therefor, and her contracts and obligations shall be binding on her."

Art. 4623, V.T.C.S. which was repealed by H.B. 403, [f. n. 1] read as follows:

"Neither the separate property of the husband nor the community property other than the personal earnings of the

1. H.B. 403, Ch. 472, p. 1188, Acts 58th Leg.Reg.Session.

wife and the revenues from her separate property shall be subject to the payment of debts contracted by the wife except those contracted for necessaries furnished her or her children."

■ These two enactments by the Legislature,[2] one positive and one negative, make it crystal clear that the Legislature has removed all impediments previously existing to the power and authority of a married woman to contract, and to bind her separate estate, and to sue and be sued, by reason of her status as a married woman.

■ We enforce the legislative will so plainly expressed. We hold that Mrs. Kitten's plea of coverture is not valid, and that she is liable on the note which she executed.

Appellants' claim to a $15,000.00 offset arises from a collateral contract between appellee and his son and their respective wives as purchasers and appellants as sellers whereby purchasers agreed to buy from appellants their ranch in Bastrop County for a total consideration of $295,000.00, which contract contained these pertinent provisions:

"It is agreed by the Seller and the Purchaser that the Purchaser must obtain a loan of at least $160,000.00, with the property being conveyed being the only security for said loan. Therefore this contract is conditioned upon the Purchaser obtaining a loan for at least $160,000.00, interest at a rate of not more than 5½%, to be repaid over a period of thirty (30) years. If a loan is not obtained by the Purchaser on such terms, then this contract shall not be binding upon the Purchaser, and Purchaser shall have the option to cancel the contract and to have returned to the Purchaser all escrow funds; and

neither party shall have any right for damages or specific performance against the other party. * * *

Purchaser is hereby depositing with W. W. Patterson, Trustee, as earnest money, the sum of $15,000.00 which is presently in the form of a check but which shall be deposited in a bank or savings and loan association of the Trustee's choice in Austin, Texas, in case the Purchaser requests said check to be deposited. Said earnest money, if deposited, shall be applied upon the cash consideration in case this transaction is consummated, but if the transaction is not consummated then said earnest money is to be returned to the Purchaser in case the Seller defaults and the Purchaser is not in default, even though the Purchaser may desire to pursue any remedies for damages or specific performance that the Purchaser may have.

If the Purchaser defaults in carrying out this contract and Seller is not in default, then it is agreed that said $15,000.00 shall be forfeited by the Purchaser to the Seller as full liquidated damages and the sole damages owned by the Purchaser to the Seller for such default, and the Seller shall not have any further remedies in connection with this transaction; or the Seller may, under such circumstances, at the Seller's option, agree that said earnest money be returned to the Purchaser and the Seller shall then have the right to enforce any remedies for damages or specific performance through proper courts situated in the State of Texas."

It is undisputed that appellee tried, but failed, to obtain a loan on the property of $160,000.00; however, a life insurance com-

2. Also to be noted is the amendment of Art. 4624, V.T.C.S. as enacted in H.B. 403 [f.n. 1] which provides in part, "Upon the trial of any suit based upon a contract of the wife, the court shall decree that judgment may be levied upon her separate property, upon revenues from her separate property, or upon her personal earnings, * * *."

pany offered to make a loan on the property of $100,000.00.

By trial amendment, appellants offered to accept "The proceeds of whatever loan (appellee) might be able to obtain on the Kitten ranch" and to accept "A second vendor's lien note upon such terms at such rate of interest and for such amount as would be, when coupled with the interest rate, amount and repayment terms of the first lien loan, equal to a total loan of One Hundred Sixty Thousand ($160,000.00) Dollars at five and one-half (5½%) percent interest, repayable over a period of (30) years."

Appellee refused to accept this offer and refused to complete the purchase of the Kitten Ranch. The jury, in response to a special issue, found that appellee's refusal of this offer was without reasonable cause. The jury also found that appellants offered appellee a loan the equivalent of the $160,000.00 loan described in the contract of sale.

The $15,000.00 check, the proceeds of which were to be placed in escrow, was never cashed, and it is this sum which appellants ask judgment for and seek to establish as an offset to the note in suit.

The trial court denied appellants the relief sought and, in our opinion, did not err in so doing.

▇ Appellants would unilaterally, remake the contract between the parties. This cannot be done. Pena v. Security Title Co., 267 S.W.2d 847, San Antonio, n. w. h.

▇ The terms of the contract make the procurement of the loan described a condition precedent to the creation of a binding contract between the parties and to liability thereon. Pena v. Security Title Co., supra, Contracts, 13 Tex.Jur.2d, Sec. 151, p. 334.

▇ The jury finding that appellants had offered appellee a loan substantially the equivalent of the one contracted for is neither factually supported or legally significant.

One first lien note and one lender for $160,000.00 is not substantially the equivalent of one first lien note for $100,000.00 payable to A and one second lien note for $60,000.00 payable to B. It is to be noted that appellants did not offer to finance the entire $160,000.00.

▇ The finding of the jury that the two methods of financing are substantially equivalent is not legally significant because parties are entitled, upon timely insistence and equities aside, to an exact performance of their agreement. Contracts, 13 Tex.Jur. 2d, Sec. 299, p. 546.

▇ The finding of the jury that appellee refused appellants' offer to finance the sale on terms differing from those stated in the contract without reasonable cause is wholly immaterial. Juries cannot make contracts for parties.

Our opinion in Flusche v. Uselton, Tex. Civ.App., 201 S.W.2d 58, n. w. h., is cited by appellants to support their contention that substantial compliance with contractual provisions is all that is necessary. In that case the contract gave the purchaser terms for payment of the deferred purchase price identical with the loan which the purchaser alleged that, by oral agreement, it was agreed he was to obtain elsewhere, and that he had failed to obtain such loan. We held that in the absence of a showing of materiality as to where the loan was obtained this oral agreement would not abrogate the contract. Whether that holding was right or wrong, it is not pertinent here because appellee was not offered a loan identical with the loan for which he had contracted.

The judgment of the trial court is affirmed.

Affirmed.

ARCHER, C. J., not participating.