**ACE RICAN HEALTH SPAS, INC.,**
**Appellant,**

v.

**Grace PATZAKIS et vir, Appellees.**

**No. 284.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 22, 1969.

Irving H. Weissman, Houston, for appellant.

Don Bradshaw, Houston, for appellees.

BARRON, Justice.

This is an appeal from an order of the trial court granting appellees' motion for summary judgment.

Grace Patzakis, appellee, executed a note of $279 to appellant, Ace Rican Health Spas, Inc., on August 4, 1965, without joinder of her husband. She failed to make any payments on the note. Suit was filed against her by the appellant on September 25, 1968. The appellee made a motion for summary judgment on the basis that the wife was a married woman at the time of the making of the contract and that since the husband had not joined in the execution of the note, it was not binding on her. The trial court granted the motion for summary judgment in favor of Grace Patzakis and husband on May 1, 1969, and appellant's suit was dismissed with prejudice. The appellant, Ace Rican Health Spas, Inc., has brought an appeal to this Court.

The note in question was signed by Grace Patzakis alone in 1965. The controlling statutes are those enacted by the 58th Texas Legislature in 1963. Amended Article 4626, Vernon's Ann.Tex.Civ.St., declares that "A married woman shall have the same powers and capacity as if she were a feme sole, in her own name, to contract and be contracted with, sue and be sued * * *" and adds that "* * * all her separate property, her personal earnings and the revenues from her separate estate which is not exempt from execution under the laws of Texas shall thereafter be subject to her debts and be liable therefor, and her contracts and obligations shall be binding on her." Kitten v. Vaughn, 397 S.W.2d 530 (Tex.Civ.App., 1965), no writ hist., discussed the 1963 amended articles, and the Court concluded that the wife's plea of coverture in that case was no bar to the enforcement of a note which had been signed by both the husband and the wife. In the present case, however, Grace Patzakis alone signed the note. The appellant Health Spas is attempting to sue both the husband and the wife.

The following statement by the Court in the Kitten case, is pertinent to the case at bar:

"These two enactments by the Legislature, * * * make it crystal clear that the Legislature has removed all impediments previously existing to the power and authority of a married woman to contract, and to bind her separate estate, and to sue and be sued, by reason of her status as a married woman."

Another recent case, Broadway Drug Store of Galveston, Inc. v. Trowbridge, 435 S.W.2d 268 (Tex.Civ.App., 1968), no writ hist., also discusses the point of law in question. That case involved an action to recover on a sworn account against a married woman in which the defendant pled her coverture as a defense to recovery. This Court concluded that her plea of coverture was not available as a defense, and that she was subject to the amended law which removed all impediments previously existing to the power and authority of a married woman to contract, and to bind her separate estate, and to sue and be sued, by reason of her status as a married woman.

We hold that the judgment of the trial court granting the summary judgment in favor of defendants must be reversed and the case remanded for a new trial in light of the amended Texas statutes.

Reversed and remanded.