Herbert **BERMAN** and wife, Sally Berman, Blaine McLaughlin and wife, Regina McLaughlin, Appellants,

v.

M.O. **RIFE**, III and Spencer Taylor, Appellees.

No. 2-82-046-CV.

Court of Appeals of Texas, Fort Worth.

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

Lane-Ray-Getchell and Donald H. Ray, Fort Worth, for appellants.

Bishop, Lamsens & Brown and Thomas J. Williams, Fort Worth, for appellees.

Before HUGHES, BROWN and JORDAN, JJ.

## OPINION

HUGHES, Justice.

Prospective purchasers under a contract for the sale of real estate sued their prospective sellers for the return of $5,000.00 earnest money. The decision of the trial court was that a condition precedent in the contract, one making obligations thereunder subject to the purchasers obtaining third party conventional financing, had been satisfied by an offer of the sellers to finance the purchase on the same terms expressed in the contract. From a judgment holding the sellers to be entitled to retain the earnest money, the purchasers have appealed.

We reverse; judgment rendered for appellants.

The facts were stipulated. On June 29, 1979, Herbert Berman, his wife, Sally Berman, Blaine McLaughlin and his wife, Regina McLaughlin (hereinafter referred to as "purchasers"), entered into a contract by which M.O. Rife, III and Spencer Taylor ("sellers") were to sell, and the purchasers were to buy, certain residential real estate located in Fort Worth. In consideration for the execution of the contract, the purchasers deposited five thousand dollars ($5,000.00) earnest money in an escrow account with a real estate firm.

Paragraph four of the contract provided that "This contract is subject to approval for Buyer of a Conventional ... third party loan (the loan) of not less than the amount of the Note, amortizable monthly for not less than 30 years, with interest not to exceed 11½% percent *per annum* ...". [Emphasis ours.] The principal amount of the note was $264,000.00.

Paragraph 16 of the contract provided that if the purchasers should fail to comply with its provisions, "[s]eller may either enforce specific performance or terminate this contract and receive the Earnest Money as liquidated damages, ...". Further provision was made for the prevailing signatories in any litigation to be entitled to recover costs and attorney's fees.

After the contract was executed, the purchasers attempted to secure financing from lending institutions, but were unsuccessful in their efforts. (Sellers stipulated in the Agreed Statement of Facts that the purchasers made diligent efforts to obtain financing from third party institutions.) On or about August 21, 1979, the sellers notified the purchasers that they would themselves provide for financing for the purchasers to buy the property in accordance with the terms and provisions of the contract. They declined to accept the seller's offer, refused to close the transaction, and

requested that their earnest money be returned. The sellers refuse to return the $5,000.00 deposited in escrow.

The case was submitted as an agreed case pursuant to Tex.R.Civ.P. 263. The purchasers contended that the condition precedent concerning third party conventional financing had not occurred by the offer of the sellers to provide financing; the sellers contended that the condition had been satisfied. All other conditions precedent to the performance, other than that at issue here, were stipulated to have been satisfied. Finally, the parties agreed that five hundred dollars ($500.00) would be reasonable attorney's fees for the prevailing party.

Judgment was rendered in favor of the sellers for the earnest money, attorney's fees, interest, and costs of court. The Agreed Statement of Facts was certified as correct.

The purchasers filed a motion for new trial in which they offered testimony of their financial advisor concerning their reasons for refusing to accept seller financing. The trial court's refusal to entertain the proferred testimony, having been raised by the purchasers in a point of error on appeal, was correct, for there was no showing that the testimony was newly discovered evidence, or that it could not, in the exercise of due diligence, have been presented to the trial court before it entered judgment.

The condition precedent found in the subject contract was inserted for the benefit of the purchasers. It makes little difference to a seller where funds to be used for a purchase are ultimately obtained from by a purchaser. A seller is simply interested in receiving money for property in an amount bargained for; on the other hand, a buyer may insert into a contract a "subject to financing" clause (in various forms) in order to avoid penalty, forfeiture, or loss for acts which would constitute breach in the absence of such a provision. Thus, it is clear that the clause in this contract was one which ran in favor of the purchasers. The different twist to this case is the fact that the sellers were willing to forego receipt of the entire consideration for their property

until the end of the term of the note. Given this, can it then be said that the financing clause runs any less in favor of the purchasers?

█ It is fundamental contract law that, under ordinary circumstances, if one's promise is conditioned on the happening or occurrence of a future event, that condition must be fulfilled in the exact manner expressed in the contract before the promisor can be forced to perform his obligations. *Redman v. Whitney,* 541 S.W.2d 889 (Tex. Civ.App.—Austin 1976, writ ref'd n.r.e.); *City of Fort Worth v. Rosedale Park Apartments, Inc.,* 276 S.W.2d 395 (Tex.Civ.App.— Fort Worth 1955, writ ref'd). The clear language of the contract may not be rewritten by the courts after the parties have taken pains to bargain for and draft language which suits their specific purposes. We must, therefore, simply look to the specific language to see if a condition precedent has been satisfied.

The term "third parties", as used in the subject clause, is one "used to include all persons who are not parties to the contract, agreement, or instrument of writing . . ." Black's Law Dictionary, p. 1278 (4th Ed. 1968). Clearly, the sellers in this case were parties to the contract for sale. (A definition of the term "conventional", as also found in the clause under scrutiny, has not been deemed material to our discussion.)

In *Kitten v. Vaughn,* 397 S.W.2d 530 (Tex.Civ.App.—Austin 1966, no writ), venders of real estate brought an action on a promissory note executed in contemplation of a contract for sale, the material terms of which were as follows:

It is agreed by the Seller and the Purchaser that the Purchaser must obtain *a loan* of at least $160,000.00, with property being conveyed being the only security for said loan. Therefore this contract is conditioned upon the Purchaser obtaining *a loan* for of at least $160,000.00, interest at a rate of not more than 5½%, to be repaid over a period of thirty (30) years. If *a loan* is not obtained by the Purchaser on such terms, then this contract shall not

be binding upon the Purchaser, and Purchaser shall have the option to cancel the contract and to have returned to the Purchaser all escrow funds; and neither party shall have any right for damages or specific performance against the other party. * * *

Id. at 532 [Emphasis added.]

It was undisputed that the buyer tried and failed to obtain a loan for $160,000.00, yet could only obtain a commitment from a life insurance company for a loan of $100,-000.00. The sellers then offered to finance the remaining amount ($60,000.00) themselves by taking a second vendor's lien upon such terms and at such rate of interest that would result in a combined loan equivalent to a total loan of $160,000.00 at a rate of 5½% interest repayable over a period of thirty years. The buyer refused this offer of seller financing and the resulting combined package.

The Austin court held that because the contract terminated by its own terms the condition precedent had not been fulfilled. The court held that a jury finding that the two methods of financing were substantially equivalent, was not legally significant because "parties are entitled, upon timely insistence and equities aside, to an exact performance of their agreement." Id. at 533. The court noted that the sellers in that case would, by their argument, unilaterally remake the contract between the parties, which cannot be done.

The sellers in the case at bar cite certain language in Kitten v. Vaughn, supra, in support of their argument which would also, in our opinion, materially remake the contract between them and the purchasers. That language is that "One first lien note and one lender for $160,000.00 is not substantially the equivalent of one first lien note for $100,000.00 payable to A and one second lien note for $60,000.00 payable to B. It is to be noted that appellants did not offer to finance the entire $160,000.00." (The emphasis supplied here is that of the appellee sellers in this case.) Here, contend the sellers, they did indeed offer to finance the entire $264,000.00 sought by the purchasers from a third party institution; therefore, they are entitled to retain the escrow monies deposited with the realtor.

The sellers' argument begs the question presented here because the language used in the contract in Kitten v. Vaughn, supra, is clearly distinguishable from that used in the contract in this case, language which we have previously noted was inserted solely for the benefit of the purchasers. The contract before the Austin court provided that the purchaser must obtain "a loan", meaning a single loan; two loans were held to have been inconsistent with clear, express language used in the contract. The court did not have before it a clause stating that all obligations under the contract were conditioned upon a "conventional third party loan", as we have before us in this case. We hold that, similar to the Kitten v. Vaughn, supra, case where two loans could not in any way be said to be a loan, in this case a party to the contract could not in any way be said to be a third party to the same contract.

Equally dissimilar is the case of Flusche v. Uselton, 201 S.W.2d 58 (Tex.Civ.App.—Austin 1947, no writ). There a buyer brought suit to recover earnest money deposited with the seller's realtor. The buyer alleged that it was orally agreed between the parties that he would not be obligated to buy the property unless he obtained a loan commitment from a source other than the seller. The court rejected the buyer's argument, holding that the alleged oral modification was materially the same as the written contract. Although the court made the broad statement that "It could make no material difference, at least the record shows none, to Appellant as to whom his loan was carried by." Id. at 60. The case is clearly distinguishable from the case at bar because the condition precedent in Flusche v. Uselton, supra, was that Flusche was to obtain "a loan"; no limiting words such as "third party loan" were used.

In this case, the purchasers have not alleged an oral modification of the written contract. They simply wish to hold the sellers to the letter of the contract, bargained for at arms length between the par-

ties, which expressly provides that their obligations are conditioned upon their obtaining a "conventional third party loan". The language of the Austin court in *Flusche v. Uselton, supra,* which broadly stated that "It could make no material difference . . . to (the buyer) as to whom his loan was carried by.", Id. at 60, does no damage to the facts of the case at bar or our construction of the bargained for language of the condition precedent. In our case, the sellers, not the purchasers, are attempting to vary express language in a contract. To the extent that this opinion conflicts with those of the Austin court in *Flusche v. Uselton, supra,* and *Kitten v. Vaughn, supra,* we respectfully decline to follow them, choosing instead to follow reasoning that more suits the facts of this case.

The judgment of the trial court is reversed and rendered that the appellees, M.O. Rife, III and Spencer Taylor, take nothing, and that the appellants, Herbert Berman, Sally Berman, Blaine McLaughlin, and Regina McLaughlin, do hereby recover their earnest money ($5,000.00), with costs of court, pre-judgment and post-judgment interest awarded to them.

JORDAN, J., not participating.