ANNA AND CHARLES GRAHAM v. AMANDA STUVE.

No. 2758.

1. **Deed by Wife to Husband Void.** —During coverture the wife can not by deed to her husband convey to him her separate property.

2. **Case in Judgment.**—During coverture the wife signed and duly acknowledged a deed for her lands to her husband. Subsequently the husband and wife joined in a conveyance for the lands. The consideration money was invested in other land, the deed therefor being in name of the husband. The husband died leaving two children. As against the two children the land so bought was the property of the wife and she could recover it.

APPEAL from Washington. Tried below before Hon. John Alexander, Special District Judge.

The opinion states the case.

*R. E. Pennington,* for appellants. — 1. That the wife may settle her estate upon her husband is elementary, and a citation of authorities is considered unnecessary.

2. The wife may convey alone as a *feme sole.* Clements v. Ewing, 71 Texas, 370; Sayles' Civ. Stats., art. 2854, note 11, and the authorities cited.

*T. J. Swearingen,* for appellee. — 1. The conveyance by Mrs. Graham of all her separate property to her husband without consideration altered the legal order of descent with respect to themselves and their posterity, and was therefore contrary to the statutes as well as the general policy of the law.

2. The conveyance to the husband by the wife, not having been made in compliance with the statute regulating the mode in which the wife may convey her separate property, was a nullity, and the court did not err in so finding. Rev. Stats., chap. 2, title 50; Id., art. 559; Peak v. Brinson, 71 Texas, 316; Cannon v. Boutwell, 53 Texas, 626.

STAYTON, CHIEF JUSTICE. — On June 22, 1882, Amanda Stuve, who was then the wife of J. H. Graham, conveyed to him by deed, executed by herself and acknowledged as conveyances are required to be when made by married women conveying their separate estate, four separate tracts of land which were her separate estate.

After this two of the tracts were sold by Graham and wife, and therefor was received $1600, which was invested in other land, the price of which was $2100.

Three hundred dollars of this was paid out of funds presumed to have been of the community estate of Graham and wife, and the balance of the purchase money was unpaid at the time of the trial.

This suit was brought by Mrs. Stuve, formerly Graham, against her

two children by her former husband to cancel the deed of date June 22, 1882, and to establish her right to an interest in the tract of land purchased in part with the proceeds of the two tracts of land before referred to, title to that land standing in the name of her former husband, the father of appellants.

There was a judgment in her favor canceling the deed of date June 22, 1882, and declaring her entitled to thirty-five of forty-two parts of the land bought in part with the proceeds of her separate estate.

There are no facts out of which equities in favor of appellants can arise, for the conveyance from their mother to their father was voluntary, and without valuable consideration.

No facts are shown which in any manner relieved Mrs. Stuve from the disabilities resulting from her coverture existing at the time she attempted to make the conveyance to her husband, nor are facts shown which could operate as a ratification of that instrument.

The conveyance in question was made by the wife alone directly to her husband, without valuable consideration and under such circumstances that we all agree it was properly canceled.

For myself, I desire to say that I fully concur in the holding of the judge who tried the case, that the deed was null, and would have been had it been supported by valuable consideration.

It has been held in this State that a husband may convey directly to his wife. Hartwell v. Jackson, 7 Texas, 576; Fitts v. Fitts, 14 Texas, 454; Reynolds v. Lansford, 16 Texas, 292; Story v. Marshall, 24 Texas, 306; Smith v. Boquet, 27 Texas, 513.

It does not follow, however, because a husband may convey directly to his wife, that she may so convey her separate property to him.

The husband labors under no legal disabilities to contract arising from the fact of marriage, and may convey his property in any manner and to any person to whom it may seem to him proper, unless restrained by some rule of law not based on the fact of marriage. A married woman, however, does labor under disabilities resulting from coverture, and can make conveyances, where the common law is in force and gives measure to her capacity to contract, only in such manner as the statute may permit.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered March 11, 1890.