WILLIS JARRELL ET AL. v. JOSHUA CROW ET AL.

Decided December 11, 1902.

1.—Practice on Appeal—Admission of Evidence Below.

Where the evidence complained of was brought out by appellant on the trial below, he can not be heard to object to its admission.

2.—Gift—Delivery—Death of Donor.

Where a donor made a gift of notes to certain of her children and delivered them to her husband to collect and pay over the proceeds to the donees, the gift was completed by such delivery, although it was not until after her death that some of the notes were collected and the money paid over.

3.—Same—Declarations of Decedent—Husband as Witness.

The husband was competent to testify, after the wife's death, as to her statements creating the gift and establishing the trust, since he had no interest in the transaction.

4.—Married Woman's Deed to Husband—Separate Property.

A wife's deed to her husband, executed as a feme sole, and conveying her separate property to him in exchange for community land which he has deeded to her, is a nullity, and equity will not aid the transaction.

5.—Homestead—Partition of Community Estate.

Where there was a partition between the surviving husband and the heirs of the deceased wife of community estate which consisted of several tracts of land, including the rural homestead claimed by the husband, the decree should have directed the commissioners to take the homestead into account. Following Hudgins v. Sansom, 72 Texas, 229.

Appeal from the District Court of Rusk County. Tried below before Hon. Richard B. Levy.

*John R. Arnold,* for appellants.

*N. B. Morris* and *J. H. Turner,* for appellees.

GILL, ASSOCIATE JUSTICE.—Joshua and Elizabeth Crow were married in 1851 and Elizabeth died intestate in 1896, leaving her husband and seven children surviving her. The children of two of her daughters, whose death had preceded hers, also survived her. This suit was brought in 1899 by Joshua Crow for partition of the community estate and the separate estate of the wife. The plaintiff joined with him as coplaintiffs the minors Gertie, Hardie, and Selma Crow, the minor children of his deceased son J. R. Crow, for whom he sued as next friend. He also joined as plaintiffs his daughters, Miss Bettie Crow, Mrs. Mary Guthrie, Mrs. Bettie Holleman, Mrs. Jennie Holleman, Mrs. Sallie Williams, Mrs. Louisa Rogers, and their respective husbands; also his son T. M. Crow.

He joined as defendants Willis, Louis, and Barton Jarrell, his minor grandchildren by a daughter whose death preceded his wife's, Etta Parker and Sallie Parker, also minor grandchildren by a daughter whose death preceded his wife's, and W. L. L. Parker and Mrs. Cordelia Garner and her husband.

Those made coplaintiffs with Joshua Crow were so made without their knowledge and consent, and later filed pleadings in their own behalf. The court at the trial appointed guardians ad litem for the minors.

The cause was submitted to a jury upon special issues, and upon their answers the court rendered judgment for partition, adjusted and defined the interests of the various parties, and appointed commissioners of partition with instructions to report at the next term of the court.

W. L. L. Parker disclaimed and was dismissed with his costs. The three Jarrell minors have, through their guardian ad litem, appealed.

In 1876 Elizabeth Crow, deceased, inherited from her brother Y. M. Barton a considerable amount of realty and personality which in the partition of his estate was set apart to her. She expressed a wish to dispose of this property during her lifetime, and undertook to give it to her children then living to the exclusion of her grandchildren by her daughters, Martha Jarrell and Doshey Parker, then deceased. The children to whom she undertook to make these gifts were Mary Guthrie, Tom Crow, Bettie Holleman, Jennie Holleman, Sallie Williams, Louisa Rogers, and John Crow. The latter died after his mother and before the institution of this suit, leaving children.

The real estate inherited by Elizabeth from her brother consisted of 100 acres in the Reed survey, 114 acres in the Thompson survey, 45 acres in the Youngblood survey, and 140 acres in the Yarbrough survey.

The 100 acres in the Reed survey she deeded to her son, John Crow. The 45 acres tract was sold and conveyed to one Welch. Wishing to make a gift of land to her daughter, Louisa Rogers, and the 114 and 140 acres tracts not suiting the proposed donee, she induced her husband Joshua Crow to deed to herself a 220 acres tract of community land in exchange for the 114 and 140 acres tracts, and the latter she deeded to him, making the deed as a feme sole. They then by a joint deed of gift conveyed the 220 acres tract to their daughter, Louisa Rogers.

Certain of the personalty inherited by Elizabeth from her brother consisted of notes and accounts against some of her children. These she took personal possession of, turning the other personalty over to her husband. Thereafter she turned over these notes and accounts to the various children, against whom they constituted liabilities. Before her death she turned over to her husband certain notes and accounts which she said were for her children, Jennie Holleman, Bettie Holleman, and Sallie Williams, designated the proportions in which they were to take, and directed him to collect them and pay the proceeds over as directed. He accepted the task. Part of it he performed before her death, part after, and part was yet to be performed at the date of the trial. The other personalty which was converted into money and paid over to Elizabeth Crow during her lifetime she herself disposed of in gifts and otherwise.

It is not necessary to set out at length the answers of the jury. We will notice those assailed as we dispose of the assignments of error which we propose to notice. Nor is it necessary in this connection to describe fully the judgment rendered, which on account of the number of the parties and the character of the property is necessarily long and somewhat intricate.

The appellants resisted the partition as decreed, first, because much of the property decreed to be gifts from Elizabeth Crow to certain of the appellees they contend were mere advancements and should have been taken into account in the partition; and second, that the two tracts of land deeded by Elizabeth to her husband, Joshua Crow, in exchange for the 220 acres tract which was given to the daughter, Louisa Rogers, did not pass into the community estate, but remained the separate estate of their grandmother, the deed executed as it was being a nullity. It would serve no useful purpose to discuss in detail the various assignments assailing the action of the trial court in admitting and excluding evidence on the issue of gift or advancement to those thus affected by the decree. It is sufficient to say that the evidence complained of seems to have been brought out by appellants, and they can not therefore be heard to complain. We shall not undertake to restate the law as to the competency of parties to testify as to the acts and declarations of a decedent in actions of this sort. It is simple and well settled, and no error in this respect is likely to occur upon another trial.

As to the personalty turned over by Elizabeth to her husband, Joshua Crow, to be collected and divided between the two, Hollemans and Mrs. Williams, appellants contend that the judgment of the court is erroneous:

First. Because there was no delivery of the gift, and the mere expression of a purpose to give would not render the gift effective.

Second. Because as to the part of the property thus given which did not in fact go into the possession of the donee until after the death of the donor, the gift was not effective, for to hold it effective would be to allow the husband to execute a verbal and unprobated will.

The first objection is not sound, because it is well settled that delivery of a gift to a third person in behalf of the donee, the donor parting entirely with possession and control, renders the gift effective.

This personalty was turned over to the husband with instructions to convert the securities into money and to divide it by certain methods between the named donees. He accepted the task, and there is evidence tending to show that he became trustee for the donees and proceeded with its execution. Delivery of a thing to an agent of the donor to be delivered by the agent after death of donor will not sustain a gift inter vivos, but if the delivery be to a trustee for the benefit of the donee the gift is complete, and death of the donor does not revoke it. 14 Am. and Eng. Enc. of Law, p. 1020; Thompson v. Carothers, 92 Texas, 530; Smith v. Youngblood, 58 S. W. Rep., 42.

The court committed no error in the respect complained of. The issue was one of agency or trusteeship to be determined as a fact from the evidence. What has been said and the authorities cited dispose of both objections. They are untenable.

It is also objected that the court erred in permitting Joshua Crow to testify as to the statements of the donor creating the gifts and establishing the trust. The complete answer to this objection is that under the facts of this case Joshua Crow had no interest in the transaction and was therefore competent, and in addition to this her declarations were established without dispute by other competent evidence. The other assignments addressed to this phase of the case need not be treated at length. They present no error likely to be repeated upon another trial.

By the twelfth assignment appellants complain that the court erred in decreeing the 114 acres tract and the 140 acres tract above mentioned to be the community property of Joshua and Elizabeth Crow, and to be partitioned accordingly.

It is plain that the deed of Elizabeth executed as a feme sole was a nullity and passed no title. Appellees contend that inasmuch as community lands were given in exchange for it, equity will aid the transaction. No case is cited and we have been able to find none in which such a deed of a married woman has been held good. The law has been distinctly declared to be otherwise. Speer, Law of Married Women, sec. 87; Graham v. Stuve, 76 Texas, 534.

The 220 acres tract thus secured in exchange is no longer a part of the community estate, for through a deed executed both by the husband and wife it was given and has been long in the possession of Mrs. Rogers.

The two tracts remained the separate property of the wife, and in the present attitude of the case the interests of her heirs should be adjusted with reference to its status as such.

Appellants further contend that the rural homestead claimed by the surviving husband should have been taken into account in the partition, as the estate consisted of several tracts of land and the husband's share might be greater than the acreage and value of such homestead, and that the decree should have so directed. The soundness of this contention is established by the case of Hudgins v. Sansom, 72 Texas, 229, and is not contested by appellees, but the latter contend that there is no error in this respect, inasmuch as under the decree the commissioners might take the homestead into consideration, and if they should not do so and the trial court should sustain their report, appellants could appeal from the court's judgment upon their objections to the report.

We can not concur in this view of the appellees. We have carefully inspected the lengthy decree and find that it fully directs the commissioners in all other respects. It decrees to Joshua Crow the use of the homestead so long as he may use it as such, orders it designated and set apart to him, fixes his interest in the other property, but nowhere declares the homestead may be taken into consideration in the partition other than that it be set apart to him.

None of the other assignments present errors which are likely to occur upon another trial. The errors indicated necessitate a reversal of the judgment, and because the decree is one of partition and the reversal necessarily affects to some extent every party owning an interest in the property to be partitioned, we deem it wise to remand the cause generally, and it is so ordered.

*Reversed and remanded.*