**DE BEQUE v. LIGON et al. (No. 906—4665.)**

(Commission of Appeals of Texas, Section A. Feb. 23, 1927.)

1. **Marriage ⬷⮞50(1)—Evidence held to show divorced spouses consummated common-law marriage immediately after divorce.**

Evidence *held* to show, as matter of law, that husband and wife, who secured divorce for business reasons, consummated a common-law marriage immediately after divorce decree was rendered.

2. **Marriage ⬷⮞50(4) — Married woman's declarations that she was single woman could not impair marriage relation shown to exist.**

Where husband and wife consummated common-law marriage immediately after entry of divorce decree, subsequent declarations of wife in various legal documents that she was a single woman could not impair the already existing marriage relation.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Frank De Beque against W. L. Ligon, as administrator of the estate of Maggie De Beque, deceased, May De Beque, Guy J. Price, Jr., as guardian of May De Beque, and others. Judgment in favor of May De Beque and Guy J. Price, Jr., as guardian of May De Beque, was affirmed by the Court of Civil Appeals (286 S. W. 749), and plaintiff brings error. Reversed and remanded.

Virgil R. Parker, Clarence Parker, and Mike E. Smith, all of Fort Worth, for plaintiff in error.

Walker W. Saulsbury, of Temple, and Phillips, Trammell & Chizum, and Coates & Mastin, all of Fort Worth, for defendants in error.

HARVEY, P. J. This suit was brought by Frank De Beque against W. L. Ligon, the administrator of the estate of Maggie De Beque, deceased, and against Guy J. Price, Jr., the guardian of May De Beque, a minor and alleged adopted daughter of Maggie De Beque, and others not necessary to be named here. The plaintiff, Frank De Beque, asserts claim to all the property of which the said Maggie De Beque died seized, on the ground that he was the lawful husband of Maggie De Beque when she died, and that he is her sole heir at law, she having died intestate. Judgment having been rendered by the trial court denying recovery by Frank De Beque, that judgment, on appeal, was affirmed by the Court of Civil Appeals. See 286 S. W. 749, where the nature of the case is more fully stated in the opinion of the last-named court.

[1] The facts are undisputed that Frank and Maggie De Beque were lawfully married, under proper marriage license, in the year 1883, in Dallas, Tex., and continued to dwell together until the death of Maggie De Beque on December 2, 1923. There is testimony of at least two witnesses, whose testimony is not contradicted, to the effect that in May, 1905, Frank and Maggie De Beque, for business reasons not necessary to detail, agreed that Maggie should procure a decree of divorce from Frank, but that such decree should not really affect the marriage relation, and, notwithstanding the divorce judgment, the parties should remain and continue to be husband and wife after the divorce judgment was obtained. In pursuance of this agreement, Maggie brought divorce proceedings against Frank, and on May 5, 1905, the district court of Tarrant county rendered judgment of divorce therein and adjudged to Maggie a great amount of property described in the judgment, same being all the community property of said parties. This judgment has never been set aside or vacated. The uncontroverted evidence further shows that the rendition of this judgment did not interrupt the cohabitation of said parties, but they continued thereafter to dwell together until Maggie De Beque's death. From 1907 to the time of her death, Maggie De Beque executed, from time to time, numerous deeds and instruments relating to real estate owned by her, in which deeds and instruments she is described as a single woman, and she executed the instruments as such. In the years 1917 and 1918 she made her income tax returns to the federal government, in which she answered in the negative a certain question contained therein inquiring if she was then married and living with husband. On October 23, 1917, an instrument of adoption, in which Frank De Beque and Maggie De Beque are described as husband and wife, was duly executed by said two parties, by the terms of which May Hillyer (being the May De Beque, minor defendant herein) was adopted by Frank and Maggie De Beque; the said instrument containing, among other provisions, the following:

"Said child shall be known as May De Beque. We adopt said child under the laws of the state of Texas, and pledge ourselves to be to said child kind and affectionate parents, and to accord to her all the opportunities in life that our means and standing entitles her to. We pledge ourselves to be to said child the same parents as if she were our child, by nature, and to see that her intellectual and moral training is well cared for. The said child shall share our property as provided by the laws of Texas."

In the certificate of acknowledgment attached to this instrument the notary certifies, in addition to the acknowledgment of Frank De Beque to the following facts:

"* * * That said Maggie De Beque, wife of the said Frank De Beque, having been ex-

⬷⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

amined by me privily and apart from her husband, acknowledged said deed," etc.

The undisputed evidence shows, further, that in 1917 Maggie De Beque brought suit as a single woman against a third party, and recovered judgment as a single woman; that Maggie De Beque carried bank deposits in her own name, and no checks against the deposits were honored except such as were signed by her; that a considerable amount of property was acquired, from 1905 to the date of Maggie De Beque's death, the deeds thereto being taken in the name of Maggie De Beque; that during such time these two parties conducted a show business, known as the Standard Theater.

The testimony in behalf of the plaintiff, Frank De Beque, including that of a servant who kept house for them from about 1895 to about 1911, shows that Frank and Maggie De Beque lived together as husband and wife, slept together, and at all times, from May 5, 1905, to the death of Maggie, acknowledged the existence of the marriage relation between them, and were regarded as husband and wife by their acquaintances, though the fact of said divorce judgment was also generally known.

In behalf of the defendants there is the testimony of various witnesses, the general tenor of which is that the several witnesses had occasion to observe Frank and Maggie De Beque at different times from May, 1905, to the time of Maggie's death, and that said witnesses had observed nothing to cause them to believe that these two parties were husband and wife. None of these witnesses deny that these two parties dwelt together in the same home, nor did such witnesses testify to any facts relative to the home life of these two parties which are in any degree inconsistent with the existence of the marriage relation between them.

The testimony is too voluminous to be set out in full, but we have given a brief outline, which shows, in a general way, the nature of it. The testimony is more fully stated in the opinion of the Court of Civil Appeals, to which we here make reference.

The jury in the trial court found, in answer to a special issue on the subject, that no common-law marriage was consummated between Frank and Maggie De Beque after the divorce judgment was rendered in 1905. A careful consideration of all evidence contained in the record convinces us that the evidence conclusively establishes the fact that a common-law marriage was consummated between said two parties immediately after said divorce judgment was rendered. There is no evidence in the record upon which a contrary finding can be based, and the trial court erred in submitting such special issue to the jury.

[2] The evidence having conclusively established the consummation of such common-law marriage, the declaration of Maggie De Beque, contained in the various legal documents executed by her, to the effect that she was a single woman cannot have effect to impair the marriage relation shown by the evidence to have existed at the time. It is a very significant fact that during the period in which these various documents relating to business affairs were being executed by her, in the document which related directly to her family affairs—that under which May De Beque was adopted and taken in as a member of the family—she expressly recognizes and declares the existence of the marriage relation between herself and Frank De Beque.

No useful purpose can be subserved in discussing in detail the evidence contained in the record, and we shall not undertake to do so.

We think that the holding of the Court of Civil Appeals relating to the instrument of adoption of May De Beque, and the holding of that court in regard to the legal effect of the judgment of divorce on the marital status theretofore existing between Frank and Maggie De Beque, are correct; but we think that such court erred in sustaining the finding of the jury to the effect that no common-law marriage between Frank and Maggie De Beque was consummated after the divorce judgment was rendered.

Because of the error above pointed out and discussed, we recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed, and that the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.