David S. DIAMOND et al., Appellants,

v.

Allen BORENSTEIN et al., Appellees.

No. 5813.

Court of Civil Appeals of Texas.

El Paso.

Nov. 16, 1966.

Rehearing Denied Dec. 21, 1966.

John G. Lay, Robert Kennedy, Paxson & Santiesteban, El Paso, for appellants.

Potash, Cameron, Bernat & Studdard, El Paso, for appellees.

## OPINION

CLAYTON, Justice.

This is an appeal from a judgment on account and foreclosure of a deed of trust lien in favor of appellees Allen Borenstein, Josephine Borenstein, a feme sole, and Jarvis P. Freiden, against appellants David S. Diamond and wife, Marsha Kalmore Diamond, rendered by the court without the intervention of a jury. The cause of action grew out of an agreement by which appellees entered into the financing of an operation in which the Diamonds bought and sold used cars. In the course of the operation Marsha Kalmore Diamond and her husband executed a deed of trust covering a certain tract of land situated in Presidio County, Texas, to T. M. Diamond, Jr. as trustee, to secure the obligations of the appellants under the agreement. The property covered by the deed of trust was the separate property of Marsha Kalmore Diamond, it having been acquired from her father's estate in 1952. The acknowledgment on this deed of trust was taken on September 4, 1963 by one Allen Fred Borenstein, the same person as Allen Borenstein, one of the appellees, and one of the beneficiaries under the deed of trust. Under an agreed statement of facts, the amount of money recovery by appellees against appellants is not in dispute, and the sole issue is the validity of that part of the judgment which awarded appellees the right of foreclosure of the deed of trust.

The appellants' position is contained in their sole point of error, maintaining that the trial court erred in giving effect to the deed of trust of a married woman's separate estate which was acknowledged by a beneficiary of the said deed of trust and thus void and unenforceable.

This point of error presents two issues: (1) Is the conveyance in the instant case valid although the acknowledgment was taken by a beneficiary under the instrument, and (2) does a defective acknowledgment of a married woman void a conveyance or encumbrance of her separate property since the repeal of Article 1299, and other recent legislation?

As to the first issue, we refer to the decision in Haile v. Holtzclaw, 400 S.W.2d 603, 614 (Tex.Civ.App., 1966; writ granted on other points). In that case the deed involved was acknowledged before one Byrum H. Haile, a possible grantee and part owner of the property interest sought to be conveyed. In that case the court recites:

"Appellee concedes that the fact the deed in question was acknowledged by Byrum H. Haile, one of the appellants, and one with an interest in the estate, does not in itself render the deed void; but contends this ground, taken with the other facts and circumstances should be considered in setting aside the deed as void."

The court then held that this contention was without merit and stated: "Appellee admitted the validity of his signature on the deed. Deeds of grantors are valid as between the parties, grantor and grantee, without a valid certificate of acknowledgment except where the grantor is a married woman." The court then cites cases in support of this finding. We consider the Holtzclaw case, and cases therein cited, as authority for the validity of a deed as between the parties without a valid certificate of acknowledgment, and must thus answer the first issue set out above in the affirmative. However, under recent legislation, we believe that the ruling of that case as to married women concerning their separate property is no longer applicable.

Passing now to the second issue presented to us, as to whether a defective acknowledgment of a married woman would void a conveyance or encumbrance of her separate property since the repeal of Article 1299, Vernon's Ann.Tex.Civ.St., and other recent legislation, we must answer it in the negative. The 58th Texas Legislature, in regular session in the year 1963, passed two bills which very definitely affected existing statute law relative to the disabilities of coverture of a married woman. These were House Bills numbers 403 and 404. These bills took effect 90 days after May 24, 1963, the date of adjournment of the Legislature. H.B. 403 provided for an amendment to Article 4614, V.A.T.S., defined the separate property of the wife and provided that during marriage the wife shall have the sole management, control and disposition of her separate property, both real and personal. The bill also amended Article 4618, V.A.T.S., relative to sale of the homestead. Article 4621, V.A.T.S., was amended relative to community property. Article 4623, V.A.T.S., was repealed. Article 4624, V.A.T.S., relative to property upon which levy may be made, growing out of a suit based upon a contract of the wife, was also amended. Article 4626, V.A.T.S., which was also amended, had to do with the application of a married woman to become a feme sole, and as amended reads as follows:

"Art. 4626.

"A married woman shall have the same powers and capacity as if she were a feme sole, in her own name, to contract and be contracted with, sue and be sued, and all her separate property, her personal earnings and the revenues from her separate estate which is not exempt from execution under the laws of Texas shall thereafter be subjected to her debts and be liable therefor, and her contracts and obligations shall be binding on her."

The caption of this bill, H.B. 403, very clearly expresses the purpose of the Bill: "An Act to remove the disabilities of coverture of a married woman in connection with her contracts and her management and control of the separate property; * * *" H.B. 404 has the following caption: "An Act repealing one Article of the Revised Civil Statutes of Texas, 1925; namely, Article 1299, which requires joinder of the husband and privy acknowledgment of the wife in any conveyance of the separate lands of the wife * * *" Article 1299, V.A.T.S., referred to, before its repeal read as follows:

"Art. 1299. Conveyance of separate lands of wife

"The husband and wife shall join in the conveyance of real estate, the separate property of the wife; and no such conveyance shall take effect until the same shall have been acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments of deeds for the purpose of being recorded and certified to in the mode pointed out in articles 6605 and 6608."

It should be noted that the Article which followed 1299, Article 1300, has not been amended, but it has no relevancy to this case before us, since it relates solely to a conveyance of the homestead, and should be read in connection with amended Article 4618. While the Legislature, in repealing Article 1299, did not specifically repeal Articles 6605 and 6608, their relation to Article 1299 has been ended with the repeal of that Article.

Article 6605 reads as follows:

"No acknowledgment of a married woman to any conveyance or other instrument purporting to be executed by her shall be taken, unless she has had the same shown to her, and then and there fully explained by the officer taking the acknowledgment on an examination privily and apart from her husband; nor

shall he certify to the same, unless she thereupon acknowledges to such officer that the same is her act and deed, that she has willingly signed the same, and that she wishes not to retract it."

Article 6608 merely sets out the form of acknowledgment of a married woman.

In the matter before us, the deed of trust was executed and acknowledged on September 4, 1963, a date subsequent to the effective date of both H.B. 403 and H.B. 404, so that Article 1299 had been repealed before the deed of trust was executed. Furthermore, Article 4626 was amended in H.B. 403 before the deed of trust was executed, as shown above. Certainly, the repeal of Article 1299 and the amendment of Article 4626, if to be given any effect whatsoever, together serve to relieve a married woman from complying with the terms of Article 6605 as to acknowledgments, in the manner and form set out in Article 6608. A further change in the contractual status of a married woman, reflected in the legislative measures referred to, is found in the repeal by H.B. 403 of Article 4623, V.A.T.S., which had read, before repeal, as follows:

"Art. 4623. Subject to debts of wife

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife and the revenues from her separate property shall be subject to the payment of debts contracted by the wife except those contracted for necessaries furnished her or her children."

As far as we have been able to determine, the only decision based upon the effect of the two House Bills discussed above is to be found in the case of Kitten v. Vaughn, 397 S.W.2d 530 (Tex.Civ.App., Dec. 3, 1965, Rehear.Den. Jan. 5, 1966; n. w. h.), cited by appellee herein. In that case a suit was brought by appellee, Vaughn, against J. B. Kitten and wife, Helen M. Kitten, appellants on a promissory note executed by them, dated March 26, 1964, given for

cash borrowed by appellants from appellee. Mrs. Kitten pleaded her coverture as a defense to recovery on the note. The court recited:

"We will first dispose of the contention of Mrs. Kitten that since she was a married woman when she executed the note to appellee that she is not liable thereon in the absence of evidence that the note was executed or its proceeds used for the benefit of her separate estate, or that such note or its proceeds were used for necessaries furnished to her or her children, or that her disabilities of coverture had been removed prior to the execution of the note. None of these circumstances was shown.

"Appellants cite many cases to support this contention, all of which were decided before or involved transactions occurring before the amendment by the Legislature in 1963 of Art. 4626, and the repeal in the same year of Art. 4623, Vernon's Ann.Tex.Civ.St.

"With respect to the changes made in the law by these enactments, appellants say: 'By amending Art. 4626, V.A.C.S., 58th Legislature, merely the procedural requirements to enable a married woman to act as a sole trader for the benefit of her separate estate, was changed. A careful reading of H.B. 403, indicates no intention on the part of the Legislature to make a community debt binding upon the separate estate of the wife or any intention to subject the wife to personal liability for such community debts.'

"With this statement, we are in complete disagreement. If accepted, it would leave, for all practical purposes, the law unchanged by the legislation enacted by the Legislature in 1963. We cannot attribute to the Legislature the intention of doing a useless act, or the intention to appease the militant leaders in an historical effort to obtain greater freedom and more rights for married women by passing a law which inform purported to advance their status towards equality with other persons sui juris but in fact made no change in their status. We are forbidden in this regard by the plain language of amended Art. 4626, which we quote: * * *"

The court then recites amended Article 4626 as is set out above herein, and also the language of repealed Art. 4623; and concludes:

"These two enactments by the Legislature, one positive and one negative, make it crystal clear that the Legislature has removed all impediments previously existing to the power and authority of a married woman to contract, and to bind her separate estate, and to sue and be sued, by reason of her status as a married woman.

"We enforce the legislative will so plainly expressed. We hold that Mrs. Kitten's plea of coverture is not valid, and that she is liable on the note which she executed."

■ We consider the court's reasoning in Kitten v. Vaughn equally applicable to the case at hand, and following that reasoning hold that a married woman is no longer confined to the strict procedural and other restraints applicable under the provisions of repealed Article 1299, V.A.T.S.

■ Therefore, while we hold under the issues presented to us that the acknowledgment of Marsha Kalmore Diamond to her deed of trust is defective, since the disqualification of the notary taking the acknowledgment is apparent from the face of the instrument, nevertheless, that the deed of trust is valid and enforceable between the parties thereto under the present statutory situation, effective at the time of the execution and acknowledgment of said instrument.

We accordingly affirm the judgment of the district court herein.

## OPINION
## ON MOTION FOR REHEARING

Appellants, in their motion to this court to set aside the opinion rendered herein on November 16, 1966 affirming the trial court's judgment, and asking for a rehearing and that the trial court's judgment be reversed, request additional findings of fact.

The record that came to us from the trial court contains an "Agreed Statement of Facts" in this language:

> "The parties to the above entitled and numbered cause, under the provisions of Rule 378, of the Texas Rules of Civil Procedure, agree that the following is a statement of the case and of the facts proven, upon which judgment shall be rendered therein, the controversy being submitted to the Court upon the same, and such agreed statement of facts, without further record or need therefor: * * *"

The opinion of this court was based upon this Agreed Statement of Facts, and we find it unnecessary to enlarge upon the facts as agreed to and as set out in our opinion.

Appellants' motion calls the attention of this court to the first page of our opinion in which they maintain that it is implied that Marsha Kalmore Diamond was a party to the automobile financing agreement between appellees and David S. Diamond and the other three men engaged in business as Logan Auto Sales.

This court did not intend such implication, and if such implication is to be found in the language used, the court wishes to state that the langauge used was intended to apply only to David S. Diamond without the inclusion of Marsha Kalmore Diamond as being engaged in such agreement.

All other requested additional findings of fact are believed to be covered by the Agreed Statement of Facts in the record, and we deem it unnecessary to repeat them here.

The points of error set out in the motion for rehearing, together with the arguments thereunder, are hereby overruled, and the motion for rehearing in said cause is hereby overruled and denied.