**David S. DIAMOND et ux., Petitioners,**

**v.**

**Allen BORENSTEIN et al., Respondents.**

**No. B–67.**

Supreme Court of Texas.

March 15, 1967.

Paxson & Santiesteban, Robert E. Kennedy, John G. Lay, El Paso, for petitioners.

Potash, Cameron, Bernat & Studdard, El Paso, for respondents.

PER CURIAM.

We approve the court of civil appeals' holding that the Legislature by repealing art. 1299, Vernon's Ann.Civ.St., removed the requirements of the husband's joinder and the wife's privy acknowledgment for ·an effective conveyance by the wife of her separate non-homestead property. 410 S.W.2d 457. The Legislature, however, did not repeal arts. 6605 and 6608 which state the manner and form of a married woman's acknowledgment. Those two articles must still be observed for purposes of recordation, notice and other instances expressly required by law. In the present case, the wife's defective acknowledgment

of the deed of trust did not render it void and unenforceable as between the parties to the transaction. The application for writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.