**Jose Pompeyo J. MATA, Appellant,**

v.

**Cirilo RANGEL et al., Appellees.**

**No. 15298.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 20, 1968.

Opinion on Original Motion for Rehearing
Sept. 12, 1968.

Second Rehearing Denied Oct. 3, 1968.

R. E. McDaniel, Winnie, Eugene T. Jenson, Anahuac, for appellant.

Everett H. Cain, Liberty, for appellees Cirilo Rangel and Maria Rangel.

COLEMAN, Justice.

This is a suit in trespass to try title. After a jury trial judgment was entered that appellant owned an undivided one-half interest in a certain tract of land located in Chambers County, Texas.

The judgment of the trial court was based on a jury finding that on January 9, 1958, the date on which Fidencia Enriques conveyed the tract of land at issue to appellant, he was married to her. This finding was based on evidence of a common law marriage. Some months thereafter, on September 24, 1958, and just prior to the death of Fidencia Enriques, they were married in a ceremonial wedding. The judgment entered, in effect, found that the deed from the wife to her husband was void, but that the husband was the owner of an undivided one-half interest in the land since Fidencia Enriques died intestate and without descendants.

It is appellant's contention that the deed in question was not invalid even if appellant and Fidencia were married on the date it was executed. This contention is based on an amendment to Article 4614, Vernon's Ann.Rev.Civ.St., enacted in 1957, which was in effect at the time the deed in question was executed. Section 1 of Ch. 407, Acts of the 55th Legislature, Regular Session, pp. 1233–1234, reads:

"Section 1.  Article 4614, Revised Civil Statutes of Texas, 1925, as amended by Acts of 1929, 41st Legislature, page 66, Chapter 32, Section 1, is hereby amended so as hereafter to read as follows:

" 'Article 4614.  Wife's Separate Property.

" '(a)  All property of the wife, both real and personal, owned or claimed by her before marriage, and that acquired afterward, by gift, devise, or descent, as also the increase of all lands thus acquired, is the separate property of the wife.

" '(b)  The wife shall, if she be 21 years of age or over and so elects as provided in subsection (d), have the sole management, control, and disposition of her separate property, both real and personal; and in connection therewith, she may, in her own name, contract and be contracted with, sue and be sued, without the joinder of her husband, and her coverture shall not be a defense in any suit or action based on such contracts.  Such of her separate property as is not exempt under the laws of Texas in such case shall be subject to forced sale for the payment of her debts.  The community property of the husband and wife, with the exception of the wife's personal earnings and the revenue from her separate property, shall never be subject to the payment of debts contracted by the wife except for those contracted for necessaries furnished herself and children.

" '(c)  If the wife shall not elect to have sole management, control, and disposition of her separate property, the joinder of the husband shall be necessary to the encumbrance or conveyance by the wife of her lands, and the joint signature of the husband and wife shall be necessary to a transfer of stocks and bonds belonging to her or of which she may be given control by this law.

" '(d)  A married woman 21 years of age, or over, may file with the County Clerk of the county of which she is a resident, a duly acknowledged statement that she thereby elects to have sole management, control and disposition of her separate property.  From and after the date of filing of such statement, which shall be recorded by the County Clerk in the Deed Records of said county, such married woman shall have the full authority to deal with her separate property as set forth in subsection (b) and the limitation upon such authority contained in subsection (c) shall not thereafter apply.' "

On January 9, 1958, and for several years prior thereto, Fidencia Enriques was a resident of the State of Michigan.  There was no county in Texas in which she could

have filed a statement that she elected to have sole management, control and disposition of her separate property. In 1961 the Act was amended to provide that a married woman twenty-one years of age or over, who is not a resident of Texas, may file such a statement with the County Clerk of each county in Texas in which she owns real estate. There is no evidence that Fidencia Enriques had filed such a statement in the county of her residence in Michigan at the time the deed was executed. The Act of 1957 specifically provided that if the wife did not elect to have sole management of her separate property the joinder of her husband would be necessary for a conveyance of her separate estate. It also provided that all laws or parts of laws in conflict with this Act are repealed or modified *to the extent of the conflict only.*

Article 1299, R.C.S., then required joinder of the husband in a deed conveying the separate real estate of the wife, and also that the deed be separately acknowledged by the wife in the manner and form required by Articles 6605 and 6608, R.C.S.

Article 6605, R.C.S., reads as follows:

"No acknowledgment of a married woman to any conveyance or other instrument purporting to be executed by her shall be taken, unless she has had the same shown to her, and then and there fully explained by the officer taking the acknowledgment on an examination privily and apart from her husband; nor shall he certify to the same, unless she thereupon acknowledges to such officer that the same is her act and deed, that she has willingly signed the same, and that she wishes not to retract it."

■ Assuming that the amendment to Article 4614, R.C.S., enacted in 1957 is constitutional, we would hold that Article 1299, R.C.S., was repealed by implication. On the other hand, there is no conflict between Article 4614 as amended and Article 6605, so that Article 6605 was not repealed. See Diamond v. Borenstein, 414 S.W.2d 454, (Tex.1967).

■ The deed from Fidencia Enriques to appellant was not acknowledged as required by Article 6605. If she was a married woman on the date of its execution, the married woman's acknowledgment was absolutely essential to the validity of the deed. Humble Oil & Refining Company v. Downey, 143 Tex. 171, 183 S.W.2d 426 (Tex.1944); Tompkins v. American Republic Corp., 248 S.W.2d 1001 (Beaumont Tex.Civ.App.1952). The freedom to manage her separate real estate is in no way impaired by the requirement of separate acknowledgment. A legislative intent to remove this safeguard against fraud and duress on the part of the husband cannot be implied from the amendment of Art. 4614 enacted in 1957. The caption of Senate Bill No. 24, Ch. 407, Acts of the 55th Leg., Regular Session, reveals no such intent, and the content of the Act clearly differentiates this case from the case considered by the Court of Civil Appeals in Diamond v. Borenstein, 410 S.W. 2d 457 (El Paso Civ.App.1966, aff'd 414 S.W.2d 454).

■ There is testimony in the record from which the jury could have concluded that Fidencia and appellant entered into a common law marriage in the year 1940. The evidence is sufficient to support the answer made by the jury to the special issue submitted despite the contrary inferences to be drawn from the fact that the deed of January 9, 1958, to Pompeyo J. Mata was signed "Fidencia Enriques" and from the fact that the parties subsequently entered into a ceremonial marriage. De Beque v. Ligon, 292 S.W. 157 (Tex.Com. App.1927); McIlveen v. McIlveen, 332 S.W.2d 113 (Houston, Tex.Civ.App., First Dist.1960).

There was testimony by one of the appellees, Cirilo Rangel, that he did not think Fidencia Enriques was married to appellant because she never signed her letters with the name "Mata", but always "En-

riques". He testified that Mata was not permitted in the funeral home prior to the funeral, but that someone pointed him out at the funeral, referring to him as the man who had been living with her, not as her husband. He testified that she was never known by any name other than Fidencia and Enriques.

■ This testimony is recited for the reason that appellant complains of the action of the trial court in permitting a certified copy of an oil and gas lease, executed by Fidencia Enriques and Jose J. Mata as husband and wife, to be placed in evidence. An objection to this evidence was made on the ground that a proper basis for its introduction was not shown in that there was no proof of due execution and that the provisions of Article 3726, R.C.S., were not met. The objections were proper and the trial court erred in admitting this evidence. Morris v. Ratliff, 291 S.W.2d 418 (Dallas Civ.App.1956, ref., n. r. e.); 23 Tex.Jur.2d, Evidence § 267; McCormick and Ray, Texas Law of Evidence, 2nd Ed., §§ 1276, 1288. This lease was signed Fidencia Enriquez Mata and acknowledged according to the Texas form for married women. It corroborated the oral testimony of a witness who negotiated the lease and who testified that he was introduced to Fidencia as Fidencia Mata in the presence of appellant and the lawyer who drew the lease. He did not, however, see them sign the lease, or see the original lease after it was signed. There was no other written instrument introduced in which Fidencia used the name Mata. The evidence was important and convincing, and not merely cumulative. The admission of this instrument requires the reversal of this case.

Appellant objected to the only special issue submitted in the court's charge on the ground that it submitted a question of law rather than an issue of fact. The issue submitted follows:

"Do you find from a preponderance of the evidence that Jose Pompeyo J. Mata and Fidencia Enriques Mata were husband and wife on January 9, 1958?

"Answer 'We do' or 'We do not'.

"ANSWER: 'We do'

"I charge you that in connection with the foregoing special issue that a man and woman are husband and wife when a valid marriage exists between them. A valid marriage exists when there is either a common law marriage between a man and woman or a ceremonial marriage based upon a State issued license and performed by a person authorized by law to administer the matrimonial ceremony.

"A common law marriage exists when a man and woman enter into an agreement to become husband and wife for the remainder of their lives and in pursuance of such an agreement, do live together and cohabit as husband and wife. Such agreement to become husband and wife may be express or implied; and an 'implied agreement' is where the conduct of the parties with reference to the subject matter is such as to induce the belief in the minds of the contracting parties that they intend to do that which their acts indicate they have done.

"Further, you are instructed in connection with the foregoing special issue that any fact before you may be established by circumstantial evidence or direct evidence or both. In this connection you are also instructed that the fact is established by direct evidence when proven by witnesses who saw the acts done or heard the words spoken. A fact is established by circumstantial evidence when the existence of it is fairly and reasonably inferred from other facts proved in the case."

■ In view of the special instructions submitted in connection with this issue, the objection made cannot be sustained. While the submission of the elements of a common law marriage is a preferable method of submission, the issue of common law marriage frequently has been submitted substantially as was done in this case. Shelton

v. Belknap, 155 Tex. 37, 282 S.W.2d 682 (1955); Moore v. Jordan, 328 S.W.2d 343 (Houston, Tex.Civ.App., First Dist.1959, ref., n. r. e.); De Beque v. Ligon, supra; Winters v. Duncan, 220 S.W. 219 (San Antonio, Tex.Civ.App.1920, error ref.); American Mutual Liability Ins. Co. v. Thomas, 35 S.W.2d 232 (Galveston, Tex. Civ.App.1931, writ dism.).

While appellant has presented certain other objections to the charge of the court, the authorities above cited lead us to the conclusion that they are without merit. All other points of error have been considered and are denied.

Reversed and remanded.

### On Petition for Rehearing

Appellant has presented an interesting motion for rehearing, which merits additional discussion. We remain of the opinion that the deed from Fidencia Enriques to appellant is void, if appellee establishes on a new trial that she was married to appellant at the time it was executed, for the reason that no married woman's separate acknowledgment appears on the instrument as was required by Article 6605, V.A. T.S.

Appellant relies on the case of Buvens v. Brown, 118 Tex. 551, 18 S.W.2d 1057 (1929), which reaffirmed the decision of the Commission of Appeals in the same case, reported at 290 S.W. 1086, that the deed of a married woman not acknowledged in the form required by law passed no title as against the married woman and those claiming under her, but passed title as to all others. In its opinion the Supreme Court stated:

"The act prescribing the careful means of divesting a married woman of title to her property, and the requirements of her acknowledgment, was enacted for *her* protection and benefit. But quite another and different question arises where for 75 years she and her heirs and her privies in title have wholly acquiesced in the title so imperfectly conveyed, to say that that protection and that benefit shall be freely and fully awarded to a total stranger to the title. Certainly it cannot be said that the Married Woman's Act was passed for that purpose. Since it would be most unjust and inequitable to so apply it, we are unwilling to do it.

\*   \*   \*   \*   \*   \*

"This court has consistently held the privy examination, acknowledgment, and declaration before the officer, as required by the statute, essential to the validity of a married woman's conveyance, and that a defectively acknowledged deed to her separate lands did not convey her title to the vendee, and was void. It repeated that 'to hold otherwise would be practically to repeal the statute.' In order to give the statute effect and to protect the married woman, such holdings were necessary and correct. But we repeat that the only purpose of the statute was to protect the married woman, and it was enacted for her benefit.

"Though a deed of a married woman which is not acknowledged as required by the statute be considered void as to her and her privies, we think the proposition that a stranger to such title cannot be heard to raise the issue of its invalidity is thoroughly reasonable and legally sound. Certainly it is equitable and just."

Appellant then states that appellees are strangers to the title since their cause of action is based on quitclaim deeds from the heirs of Fidencia Enriques. The nature and effect of quitclaim deeds is discussed in Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940 (1915), and Houston Oil Co. of Texas v. Niles, 255 S.W. 604 (Tex.Com.App.1924). In Cook v. Smith, supra, the Supreme Court said:

"Furthermore, if the deed from Potts to Neff was only a quitclaim deed, Cook's title, deraigned through that deed and resting upon it, was not such, under the rule of decision in this state, as would sustain the defense of an innocent pur-

chase of the property, though the deed from Neff to himself was a general warranty; for in such case the record, or apparent, title to the property was clearly only such as Potts possessed, which, because of his previous conveyance to Smith, was no title at all. Taylor v. Harrison, 47 Tex. 460, 26 Am.Rep. 304; Garrett v. Christopher, 74 Tex. 453, 12 S.W. 67, and Threadgill v. Bickerstaff, 87 Tex. 520, 29 S.W. 757, supra."

 If Fidencia Enriques had title to the land at her death, an undivided one-half interest in the land passed to her heirs at law, who have quitclaimed such title as they owned to Cirilo Rangel. Buvens v. Brown, supra. Had the suit been brought by these heirs, there could be no question as to their right to recover, assuming the deed void as to Fidencia Enriques. Rangel, having purchased the right, title and interest of these heirs, stands in their shoes, there being no outstanding equities to defeat his claim. Even though he does not have the right of a bona fide purchaser, he cannot be held a stranger to the title.

In Webb v. Webb, 148 Tex. 405, 224 S.W. 2d 868 (1949), the court notes that the cases of Graham v. Struwe, 76 Tex. 533, 13 S.W. 381, and Minchew v. Hankins, Tex. Civ.App., 278 S.W. 306, affirmed Tex.Com. App. 285 S.W. 264, held void deeds executed by the wife alone to the husband as grantee, but distinguished them on the ground that they did not present the question before the court of whether the separation of the spouses authorized the wife to convey as a feme sole. The Supreme Court did not hold that these cases were incorrectly decided, nor did it cast doubt on the rules of law applied therein. These rules must be applied in this case and present another basis on which the decision of this Court rests. Mansfield v. Mansfield, 308 S.W.2d 80 (El Paso, Tex.Civ.App.1957, error dismissed); Hughey v. Mosby, 31 Tex.Civ.App. 76, 71 S.W. 395 (1902, error ref.); Jarrell v. Crow, 30 Tex.Civ.App. 629, 71 S.W. 397 (1902).

Appellant points out that by the judgment of the trial court title to an undivided one-half interest in the lands owned by Fidencia Enriques at her death was vested in him as the surviving husband, and that no cross-points were presented by appellee asserting that the judgment is erroneous.

We, therefore, sustain the motion for rehearing in part, and modify the judgment previously entered. The judgment of the Trial Court is affirmed insofar as it adjudged appellant, Jose Pompeyo J. Mata, the owner of an undivided one-half interest in the property therein described, but otherwise the judgment is reversed and the cause is remanded for a new trial.